Commonwealth *v*. Kibler, Appellant.

Argued September 12, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John P. Thomas,* for appellant.

*Howard R. Miller,* Assistant District Attorney, with him *George Joseph,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., November 12, 1969:

Appellant was found guilty by a jury on an indictment charging burglary, larceny, receiving stolen goods and conspiracy. Following the denial of his motions for a new trial and arrest of judgment he was sentenced, from which judgment of sentence he appealed.

The issues raised in his appeal are, (a) did the court err when it submitted the case to the jury after the only evidence of the Commonwealth against appellant was the inculpatory testimony of an alleged co-conspirator who changed his story during the course of the trial and absolved the appellant, (b) was it error to try the appellant before a jury which could have been aware of other charges pending against appellant through a medium of a trial list booklet that had come into its possession, and (c) was it error to advise the jury that proof of the crime might be accepted as corroboration of the testimony given by a co-conspirator.

Initially, appellant questions the sufficiency of the evidence for the reason that appellant's connection

with the crimes was established only by the testimony of one witness, Victor R. McKay, an alleged co-conspirator, who had previously pleaded guilty to the crimes and who recanted his testimony while on the stand, thereby absolving appellant. After testifying that this appellant had requested him to burglarize the Shepherd Hills Country Club, that appellant had driven him to and from the Club and had accepted all of the property removed therefrom, McKay, on cross-examination, testified that he had not been to the Club, had not committed the burglary, and had not been in the company of appellant. To the police and in court at the time his plea was taken and he was sentenced, McKay had previously given statements which were in substance the same as his testimony given initially on direct examination. The court permitted the Commonwealth to plead surprise and confront McKay with his prior testimony and inconsistent statements given to the police.

The question thus explained is whether such testimony, since it was accepted by the jury, is sufficient to meet the burden placed upon the Commonwealth of proving beyond a reasonable doubt appellant's participation in the crimes. There can be no dispute as to the right of a jury to pass on the credibility of a witness, and to believe all or a part or none of the testimony of any witness for the Commonwealth or for the defense. *Commonwealth v. Finnie,* 415 Pa. 166, 202 A. 2d 85 (1964) ; *Commonwealth v. Reginelli,* 208 Pa. Superior Ct. 344, 222 A. 2d 605 (1966), cert. denied, 387 U.S. 945, 87 S. Ct. 2078, 18 L. Ed. 2d 1331. Also, while it is the province of the trial judge to determine, as a matter of law, whether the prosecution's proof has been sufficient in volume and quantity to present a case to the jury and overcome the presumption of innocence, generally it is for the jury to determine the

weight and effect of evidence. It is always for the jury to weigh conflicting testimony. *Commonwealth v. Alessio,* 313 Pa. 537, 169 A. 764 (1934). However, since the final statement of a witness is the one which controls, *Wolansky v. Lawson,* 389 Pa. 477, 133 A. 2d 843 (1957), where a witness who has testified subsequently recants his testimony on the witness stand, the trial judge must instruct the jury to disregard the previous testimony. This rule has been recognized by this Court in criminal cases. *Commonwealth v. Bartell,* 184 Pa. Superior Ct. 528, 136 A. 2d 166 (1957), allocatur denied. It is more applicable where the witness positively repudiates his earlier testimony. *Wolansky v. Lawson,* supra.

We have examined this record closely in the light of the foregoing principles and are compelled to conclude that it is devoid of any evidence to sustain appellant's conviction. The only evidence connecting appellant with the crime was the testimony of Victor R. McKay who, after repudiating his inculpatory testimony, finally absolved appellant. Although cross-examined by the District Attorney, he persisted in his final statement that appellant had no connection with the crimes for which he had been indicted. For this reason appellant's motion for a directed verdict of acquittal should have been granted.

In light of the previous discussion, we deem it unnecessary to discuss the second and third assignments of error submitted to us.

The judgment of sentence is reversed and the appellant discharged.

WATKINS, J., dissents.