Commonwealth *v.* Elam, Appellant.

Argued March 21, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*A. Jay Molluso,* with him *Larry H. Slass,* and *Techner, Rubin, Shapiro, Silverstein & Remick,* for appellant.

*William P. Boland,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 16, 1972:

Appellant was convicted of receiving stolen goods. The sole issue he raises is the sufficiency of the evidence to show that the goods he received were in fact stolen or feloniously taken. He does not question the proof of the other elements of the crime, namely that he received the goods and knew or should have known them to be stolen.

The evidence must be read in the light most favorable to the Commonwealth and the Commonwealth must be given the benefit of all reasonable inferences arising therefrom in considering a motion in arrest of judgment following a guilty verdict. *Commonwealth v. Simpson,* 436 Pa. 459, 260 A. 2d 751 (1970). Treated in that fashion the evidence shows that Humble Oil Company printed Esso credit card No. 353-116-5623 in the name of Samuel Russell, at its credit-card center in Bala-Cynwyd. The card was mailed to Russell at his address in Alexandria, Virginia, in August 1970. Russell never received his card, but began receiving charges made on the card. Most purchases made on the card contained appellant's automobile license number. After Humble identified the license number it sent a letter to appellant about the unauthorized charges. Appellant continued to use the credit card. Upon arrest he admitted using the card, which was found in his wallet, and said that it was given to him by one Roy Rudd. The police obtained a warrant for Rudd, but have been unable to find him. The credit cards are issued at Bala-Cynwyd where they are placed

in envelopes and stored temporarily in a vault. Later they are picked up by mail trucks which deliver the cards to the 30th Street post office in Philadelphia for mailing. During the time that this card was illegally used the appellant lived in Philadelphia and was employed as a clerk by the post-office department, both at the truck terminal across the street from the main post office at 30th Street and in the post office itself. He was employed in the distribution of mail.

Appellant was indicted for larceny and receiving stolen goods. After trial without a jury Judge John E. WALSH, JR., sustained a demurrer to the larceny charge, but found the appellant guilty of receiving stolen goods and sentenced him.

Since the evidence that the card was originally stolen or feloniously taken is entirely circumstantial, the appellant urges that to find him guilty the evidence must be such as to exclude to a moral certainty every hypothesis but guilt. However, that is no longer the law of Pennsylvania. Now, "[t]he test of the sufficiency of the evidence, irrespective of whether it is direct or circumstantial, is whether accepting as true all of the evidence upon which, if believed, the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime charged. . . ." *Commonwealth v. Whiting*, 409 Pa. 492, 494, 187 A. 2d 563, 564 (1963).

The evidence when considered in its entirety was sufficient to prove beyond a reasonable doubt that the credit card was stolen or feloniously taken. No problem of ownership or title to the credit card existed. That was clearly vested in Samuel Russell as anyone reading the credit card could ascertain. The card was sealed in an envelope and placed in the hands of the postal authorities. The owner never received it. No

one into whose hands this credit card fell, other than the owner, could have taken it under a claim of right.

The appellant suggests that the card may have come into Rudd's possession other than by being stolen or feloniously taken. Specifically, he points to the possibility that the card may have been lost or strayed. However, we find very little evidence to support this possibility, but even if it were lost we fail to see how the appellant would be aided. The card, even if "lost", was still in the constructive possession of the owner whose name was imprinted on the card along with the name of the issuing company. Whoever opened the envelope took the card from the owner's constructive possession. His failure to return the card to either the owner or the issuer, coupled with the act of giving the card to someone other than the owner, shows the requisite intent for a stealing or felonious taking. Parenthetically, we note that had the card been abandoned it could not have been subsequently stolen or feloniously taken. However, there is no possibility that it was abandoned since it was in a sealed envelope and would not expire until almost two years after it came into appellant's hands.

We are satisfied that the evidence is sufficient to show beyond a reasonable doubt that someone stole or feloniously took the credit card and that the appellant subsequently received it.

Judgment affirmed.