Commonwealth *v.* Booker, Appellant.

480

*William H. Naugle,* for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, with her *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., June 14, 1973:

The only question raised by this appeal is whether the evidence was sufficient to support the jury's verdict that appellant was guilty of receiving stolen goods.

On October 24, 1972, Robert Huitt and Raymond McClure burlarized the Belco Federal Credit Union in Harrisburg, removing from the office a safe containing cash and travelers' checks. The safe was taken to a house on Green Street, where an unsuccessful attempt was made to open it, and then to a house on Zarker Street, where it was opened. Appellant did not participate in the burglary but did participate in the attempts to open the safe. His argument, however, is that the evidence was insufficient to show that he received any of the cash or travelers' checks that were in the safe.

Huitt testified that appellant was present when the safe was opened. He also testified that he and McClure each got one-third of the cash and travelers' checks.

When asked "who got the third split", he replied, "Blair, Duncan and Booker [appellant]", later in effect repeating this by saying, "To my knowledge everyone that was there got a share of the money". Finally, however, he said that he only saw McClure and Blair with the money.

McClure also testified that appellant was present when the safe was opened. He further testified: "A. We laid the money out and saw how much was there and it was split up. Q. Was there any discussion about how it was going to be divided? . . . . A. Well, when the safe was opened, we had agreed to give Blair and Booker [appellant] a certain sum of money, but after the amount was disclosed, how much was in the safe, someone said to the effect that if I don't get my share right out of it, I'm going to get my pistol. . . . Q. Did you see Mr. Booker get any money? A. I gave Mr. Booker some of my money. . . . Q. How much did you give Mr. Booker? A. One, two hundred dollars. I'm not sure. I don't remember the exact amount. Q. Why did you give Mr. Booker some of the money? A. That was part of the money for his services, helping us to open the safe up." Later, however, McClure testified: "Q. All right. Now, can you state of your own knowledge, that Ellis Blair got any money out of the safe? A. Yes. Q. Who gave him money out of that safe? A. I'm not sure. It was either Andrea [Huitt] or myself gave it to him. I split part of mine with him and then Andrea gave the other part to Booker. I'm not sure how it went . . . . I was upset because I had been threatened at the time so I don't remember which one of them I gave the money to."

The degree of uncertainty created by Huitt's and McClure's testimony is not such as to come within the rule of *Commonwealth v. Kibler*, 215 Pa. Superior Ct. 367, 258 A. 2d 681 (1969). In that case the sole witness

482

for the Commonwealth "recanted his testimony while on the stand, thereby absolving the defendant". *Id.* at 369, 258 A. 2d at 681. There was no recantation here, either by Huitt or McClure. While reflecting the confusion of the moment when the money was distributed, their testimony was sufficient to support findings—as the jury evidently made them—that appellant received some of the money, that it was stolen, and that he knew it was stolen. The Penal Code, Act of June 24, 1939, P. L. 872, §817, as amended by the Act of May 21, 1943, P. L. 306, §1, 18 P.S. 4817; *Commonwealth v. Hornberger,* 441 Pa. 57, 270 A. 2d 195 (1970).

Accordingly the judgment of sentence is affirmed.