Commonwealth *v.* Cofield, Appellant.

Argued March 13, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*John J. Krafsig, Jr.,* for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, with her *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., June 14, 1973:

Appellant John D. Cofield appeals from the denial of motions in arrest of judgment and for a new trial following his conviction of aggravated robbery by a Dauphin County jury.

At trial, the Commonwealth produced as a witness Robert J. Shuey, the victim named in the indictment. Shuey testified that he had been beaten and robbed of $743.00 at approximately 8:00 p.m., at 18th and State Streets in Harrisburg, but that he had not seen his assailant. The police officer who had found Mr. Shuey confirmed the time and place of the attack. The Commonwealth's only witness linking appellant to the crime was Roberta Luckett. She testified that she, the appellant and several others did indeed beat and rob a man at the aforementioned place and time, with appellant striking the victim and taking his money. She denied that Mr. Shuey was their victim, however, claiming it was some other man.

Appellant contends that his conviction cannot stand without the Commonwealth producing positive identifi-

cation that the victim named in the indictment was the victim of the attack in which appellant participated that evening. We disagree. Here the Commonwealth's witness placed appellant at the time and place of the crime, participating in a crime identical to the one charged in the indictment. Passing on the credibility of her testimony was within the province of the jury, which could have accepted as true all, none, or part of that testimony. See *Commonwealth v. Parente*, 184 Pa. Superior Ct. 125, 133 A. 2d 561 (1957). The jury in this case obviously believed all of the Commonwealth's testimony in this case save the disclaimer as to the victim's identity. We will neither interfere with that finding, nor with the trial judge's refusal to grant a demurrer.

Appellant also attacks the trial judge's alleged failure to instruct the jury to disregard a previous statement made by Roberta Luckett which was used by the Commonwealth to impeach her after her trial testimony had led the Commonwealth to plead surprise. "[W]here a witness who has testified subsequently recants his testimony on the witness stand, the trial judge must instruct the jury to disregard the previous testimony." *Commonwealth v. Kibler*, 215 Pa. Superior Ct. 367, 370, 258 A. 2d 681 (1969). In *Kibler*, an alleged accomplice first implicated the defendant on direct examination and then when cross-examined, totally absolved the defendant. There the trial judge failed to instruct the jury that the last statement by the recanting witness controls, *Wolansky v. Lawson*, 389 Pa. 477, 133 A. 2d 843 (1957), and this court held that a directed verdict of acquittal should have been granted in light of the absence of inculpating evidence. Here there was no such recantation and exculpation of appellant. The witness prior to trial, stated to the police that appellant had taken the victim's wallet after beating him. At trial, on direct examination, she testified that she

"couldn't say" whether appellant took the wallet, but that he did have a wallet. After pleading surprise and being allowed to cross-examine its own witness, the Commonwealth confronted Roberta with her earlier statement. She admitted having made the earlier statement, but now contended that she did not know whether appellant had the victim's wallet, remembering only that appellant "went through his pockets", that all had hit the victim, and that all "took money from him". Not only is this situation distinguishable from *Kibler*, but in his charge the trial judge specifically instructed the jury to disregard as substantive evidence the earlier statement used for impeachment purposes.

Appellant further contends that the court erred in failing to charge the jury as to the elements of the lesser crimes with which appellant was charged, *i.e.*, assault with intent to rob, larceny, and receiving stolen property. What the trial judge did here was to select the only crime supported by the evidence and to give a complete charge as to its elements and as to the Commonwealth's burden. After reviewing the record, we have concluded that this was proper, as the evidence clearly supported the commission of an aggravated robbery. "A charge on a point or issue which is unsupported by any evidence is likely to confuse the jury and obstruct Justice." *Commonwealth v. Heckathorn*, 429 Pa. 534, 540, 241 A. 2d 97 (1968). The trial court was not required to charge on the lesser offenses.

We find no merit in any of the appellant's other allegations.

The order of the lower court is affirmed.