Commonwealth *v.* Mangus, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and
SPAETH, JJ.

30

*Richard D. Walker,* Public Defender, for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 21, 1974:

Appellant, Donald James Mangus, was tried before a jury and found guilty of aggravated robbery. His motion for a new trial was denied by the court en banc. On appeal to this Court, appellant disputed the sufficiency and weight of the evidence and alleged that the trial judge erred in permitting a gun, clip, and towel to be received into evidence. We find that the evidence is adequate to sustain the conviction and that the evidentiary items complained of were properly admitted.

The Commonwealth presented evidence tending to show that two men, one with a gun, entered the grocery store of William Wright at about 7:30 one evening and after obtaining some money fled in a car which Mr. Wright was able to observe. A quick glance at the gun gave the victim the impression that it was a .45. A car meeting the description Mr. Wright gave was located by the police at 8:25 p.m. with three men in it. The car was identified as the getaway vehicle by Mr. Wright and one of its occupants was identified as the man who had held the gun during the robbery. The defend-

ant, who had also been in the car, was not positively identified, but his clothing, a white coat and distinctive white hat, matched the description given by Mr. Wright as that worn by the second man who participated in the robbery. A search of the suspects revealed a quantity of money matching in amount and denomination that taken from Mr. Wright in his store. The defendant had his share stuffed into his sock.

The officers removed the suspects to City Hall and upon returning, 15 minutes later, noticed in the beam of their headlights an object under the getaway car. The object proved to be a .45 pistol and clip of ammunition wrapped in a towel. The pistol, the clip, and the towel were received in evidence by the trial judge over the objection of defense counsel.

The appellant offered an alibi defense. His mother and brother testified that he, along with two others who were found together in the car, were at appellant's home between 6:45 and 7:30 that evening. Evidence was also presented to establish that the appellant made a long-distance call to his girlfriend at 8:00 p.m. from his home.

It is appellant's first contention that the verdict returned by the jury is not justified by this evidence. The test in determining the sufficiency of the evidence is "whether accepting as true all of the evidence, be it direct or circumstantial or both, and all reasonable inferences arising therefrom, upon which, if believed, the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the accused is guilty of the crime of which he has been convicted." *Commonwealth v. Williams*, 443 Pa. 85, 87, 277 A.2d 781, 783 (1971). There is certainly ample evidence in this case to overcome the presumption of innocence and convince a jury of guilt beyond a reasonable doubt. The defendant was found

in the company of the man identified as the gunman in the robbery, he was wearing distinctive clothing exactly matching the victim's description of one of the robbers, the car from which he alighted was identified as the getaway car, and money matching the denominations stolen was discovered stuffed in his sock. Accordingly, we find that the trial judge committed no error in accepting this evidence as sufficient and submitting the case to the jury.

While sufficiency of the evidence is to be determined by the court as a matter of law, the weight to be given such evidence is for the fact finder. *Commonwealth v. Thomas,* 444 Pa. 436, 282 A.2d 693 (1971); *Commonwealth v. Abrams,* 443 Pa. 295, 278 A.2d 902 (1971). The jury can judge the credibility of witnesses and believe all, part, or none of the testimony presented by either the Commonwealth or the defense. *Commonwealth v. Williams,* supra; *Commonwealth v. Kibler,* 215 Pa. Superior Ct. 367, 258 A.2d 681 (1969). The record, which we have thoroughly reviewed, supports the jury's findings. We will not disturb the lower court's decision to let the verdict stand.

Addressing appellant's allegation of error in the trial judge's acceptance of the gun and other items into evidence, we again find no error. Appellant maintains that the weapon found under the car after it had been left unattended for 15 minutes was too remote, irrelevant, and introduced without sufficient groundwork upon which to permit a jury to draw an inference of use. However, the Pennsylvania Supreme Court recently held in *Commonwealth v. Ford,* 451 Pa. 81, 301 A.2d 856 (1973), that positive testimony to the effect that the challenged item is the actual weapon used in the crime is not required prior to its introduction into evidence. All that is demanded is that a proper foundation be laid revealing circumstances

sufficient to justify an inference of the likelihood of the weapon's use in the course of the crime. Furthermore, it is not necessary that each piece of evidence be connected to the appellant beyond a reasonable doubt. It is enough that a combination of evidence implicates him in the crime beyond a reasonable doubt. *Commonwealth v. McIntyre,* 451 Pa. 42, 301 A.2d 832 (1973); *Commonwealth v. Petrisko,* 442 Pa. 575, 275 A.2d 46 (1971). The fact that the gun, clip, and towel in the present case were found beneath the unguarded car serves to weaken somewhat the weight given to this evidence, but does not affect its admissibility. The Commonwealth established an adequate foundation for its introduction by showing that the gun was a .45, the type recognized by the victim, that it was hidden underneath the getaway car bundled in a towel, and that it was possible to have missed noticing it there earlier due to the darkness of the location. The admission of such evidence is a matter within the discretion of the trial judge and it is impossible, after a review of the evidence in this case, to find an abuse of discretion.

Judgment affirmed.