## Commonwealth *v.* Hunter, Appellant.

268

Submitted March 28, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Reggie B. Walton, Andrea Commaker Levin, and John W. Packel, Assistant Defenders, and Vincent J. Ziccardi, Defender, for appellant.

David Richman, Marianne E. Cox, Mark Sendrow, and Steven H. Goldblatt, Assistant District Attorneys, Abraham J. Gafni, Deputy District Attorney, and F. Emmett Fitzpatrick, District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., April 22, 1975:

This appeal is from a judgment of sentence imposed upon appellant after a finding of guilt of burglary, larceny and receiving stolen goods by the lower court sitting without a jury. The sole question presented is whether the evidence was sufficient to sustain these convictions. We find that the evidence was sufficient and affirm.

Sometime between 4:30 p.m. on December 17, 1971 and the early morning hours of December 18, 1971 a burglary occurred in an electronics plant located in Philadelphia. The vice-president of the company owning and occupying this plant, Mr. Mogar, established these

factors. He further testified that upon his entry into the plant the morning of December 18, 1971 he discovered that a piece of sheet metal, used to cover an empty back window, had been removed. This sheet metal had been positioned a week earlier because of a broken pane of glass. The distance between the window and the ground was approximately ten feet. Mr. Mogar, upon further investigation, also discovered that his own office within the building had been broken into and ransacked. A calculator was found to be missing[1] and the glass on a candy machine used by the company employees had been smashed.

Mr. Mogar identified appellant as a former employee of the firm who had been employed from August, 1970 to June, 1971. The record is silent as to the reason for or the circumstances surrounding the termination of this relationship; however, Mr. Mogar further testified that appellant, within "a couple of weeks" prior to December 18, 1971, came to see him to inquire about the availability of a job.

Detective Frey, a member of the Philadelphia Police Department, was assigned to investigate this burglary. He testified that after investigation it was concluded that the broken window that had been covered by the sheet metal was the method used to gain entry to the building. He further testified he lifted several fingerprints from the premises, including one from the sheet metal that had been in place prior to the unauthorized entry into the plant. Subsequently the Identification Unit of the Philadelphia Police Department determined that only one of the prints was identifiable, that being the print lifted from the sheet metal. As a result of this investigation a warrant was obtained for appellant's arrest, and he was apprehended.

A fingerprint expert employed as an evidence technician by the Philadelphia Police Department testified that

---

1. The calculator was never recovered.

the identifiable fingerprint was compared to that of appellant and that there were fourteen points of similarity between the two. He further testified that only eight points of similarity are needed to make a positive identification. This same expert, from the texture of the print, gave his opinion of its age to be anytime from the time of the burglary up to two weeks prior thereto. Upon this evidence appellant was found guilty and after a denial of his post-trial motions was sentenced to a term of eight (8) months to five (5) years. Sentence was suspended on the charge of receiving stolen goods.

It is well established that, in passing upon the sufficiency of the evidence to sustain a criminal conviction, the evidence must be read in the light most favorable to the Commonwealth, and it is entitled to the benefit of all reasonable inferences arising therefrom. *Commonwealth v. Johnston,* 438 Pa. 485, 263 A.2d 376 (1970). Further it is clearly the law in this Commonwealth that although the Commonwealth does not have to establish guilt to a mathematical certainty, and may in a proper case rely wholly on circumstantial evidence, the conviction must be based on more than mere suspicion or conjecture. *Commonwealth v. Bailey,* 448 Pa. 224, 292 A.2d 345 (1972). Applying these tests to the instant case, we find the evidence of the fingerprint coupled with the extremely remote possibility that the fingerprint was impressed on the sheet metal some ten feet above ground level on the occasion of appellant's employment-seeking visit several weeks before the burglary, sufficient to justify the fact-finder's conclusion, without reliance on mere suspicion or conjecture, that appellant committed the burglary.

Quite obviously, the appellant strenuously argues the question of sufficiency of the evidence and urges that it is just as reasonable to conclude the fingerprint was impressed on the visit "a couple of weeks" prior to the burglary on his brief visit seeking employment. In sup-

port, appellant relies most heavily on a statement made in this Court's opinion in *Commonwealth v. Cichy*, 227 Pa. Superior Ct. 480, 483, 323 A.2d 817, 818 (1974), wherein we said: "Unless those circumstances are such that the fingerprint could only have been impressed at the time and place the crime was committed, such evidence is insufficient to sustain a conviction." In *Cichy*, this Court reversed where the sole evidence was the defendant's fingerprint on a cigarette package wrapper lying next to a cigarette machine in the waiting room-office of a service station accessible to the public. There was no evidence of when the print was impressed, and the service station owners could not state that the wrapper was not where it was found, prior to the burglary.

In the instant case the appellant's fingerprint was found at the place of illegal entry to the burglarized premises, was not in a public place where appellant may have had legitimate innocent contact, was not in a readily accessible place for legitimate innocent contact, was not on an object that was readily movable and in common usage and was impressed at or about the time of the crime.

Under these circumstances the Commonwealth's case is more than the fingerprint; it is a chain of circumstantial evidence that is more than suspicion or conjecture. The evidence is sufficient to sustain the appellant's conviction.

Appellant places much too narrow an interpretation on the holding of this Court in *Cichy* and fails to recognize the discussion defining "time and place" contained in the opinion's paragraphs subsequent to the single sentence upon which he relies. Further the concluding paragraph of *Cichy* makes it clear that: *"On these facts,* we conclude . . . [t]he discovery of the print *on a movable object in a public place* was insufficient. . . ." *Id.* at 485 (Emphasis added).

Judgment affirmed.

CONCURRING OPINION BY JACOBS, J.:

While I agree with the result reached by the majority and the facts as stated in its opinion, I cannot agree that appellant's reliance on the following statement from *Commonwealth v. Cichy*, 227 Pa. Superior Ct. 480, 323 A.2d 817 (1974), is unimportant: "Unless those circumstances [of each case] are such that the fingerprint could *only* have been impressed at the time and place the crime was committed, such evidence is insufficient to sustain a conviction." *Id.* at 483, 323 A.2d at 818 (emphasis added).

In my opinion it was logical for appellant to rely on that statement from *Cichy* which was apparently based on prior law which required the evidence, when entirely circumstantial, to be such as "to exclude to a moral certainty every hypothesis but guilt." *Commonwealth v. Elam*, 221 Pa. Superior Ct. 315, 317, 293 A.2d 103, 104 (1972). Furthermore, two cases cited in *Cichy, State v. Minton*, 228 N.C. 518, 46 S.E.2d 296 (1948) and *Anthony v. State*, 85 Ga. App. 119, 68 S.E.2d 150 (1951) applied that same test to fingerprint evidence requiring it to point unerringly to the defendant's guilt and exclude all other reasonable possibilities.

However, I would not permit appellant to benefit from his reliance on the above-quoted statement from *Cichy*. By requiring the circumstances to show that the fingerprint could *only* have been impressed at the time and place the crime was committed, that statement is inconsistent with the present law on circumstantial evidence in Pennsylvania and the law of other jurisdictions on fingerprint evidence. Circumstantial evidence need not disprove every other reasonable possibility but guilt although it must be sufficient to establish beyond a reasonable doubt that the defendant is guilty of the crime of which he was charged. *Commonwealth v. Elam*, supra. Other jurisdictions have applied the following test to fingerprint evidence: to be sufficient to sustain a con-

viction the circumstances of each case must *reasonably exclude* the possibility that the fingerprint was impressed at a time and place other than that of the crime. *United States v. Nazarok,* 330 F. Supp. 1054 (E.D. Pa. 1971); *Lawless v. State,* 3 Md. App. 652, 241 A.2d 155 (1968); *Avent v. Commonwealth,* 209 Va. 474, 164 S.E.2d 655 (1968).

To prevent a repetition of such reliance in future fingerprint cases I would hold that the above-quoted statement from *Commonwealth v. Cichy,* supra, is not controlling.

VAN DER VOORT, J., joins in this concurring opinion.