Commonwealth *v.* Wortham, Appellant.

26

Submitted December 6, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Charles S. Lieberman,* and *Wolov, Rosenberg & Alexy,* for appellant.

*Glenn S. Gitomer, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 24, 1975:

Appellant, Dorothe Wortham, was tried before a jury and found guilty of burglary and four counts of aggra-

vated robbery. From the judgments of sentence, this appeal followed.

Appellant contends she is entitled to a new trial because the court below allegedly committed reversible error in the following instances: (a) refusing to suppress the in-court identification of the appellant; (b) improperly admitting into evidence certain handguns; (c) incorrectly instructing the jury with respect to the burden of proof in an alibi defense; and (d) denying appellant's demurrer to the burglary charge.

On October 17, 1972, at approximately 4:00 o'clock p.m., two men brandishing handguns and a woman wearing a red bush wig and carrying a long black shoulder bag, entered and robbed Benny's Bar in Philadelphia. The patrons of the bar were also robbed and two were badly beaten. While the robbers were making their exit, an employee of a mill plant across the street from the bar obtained a partial license number of the automobile used in their escape. Shortly after the robbery, based on descriptions of the car resulting from an on-the-scene police investigation and the partial license number, the police located what they believed to be the escape vehicle. While the automobile was under police surveillance the appellant and her husband, together with Anthony Bell and Nathaniel Williams, came to the car and were immediately placed under arrest.

The following day on October 18, 1972, approximately twelve hours after the robbery, a search warrant was executed for a dwelling occupied by the appellant and her husband, and Anthony Bell. The Worthams occupied the second floor rear bedroom, and Bell the second floor middle bedroom, each being openly accessible to the other. Found in the Wortham's bedroom were a red bush wig and a black shoulder bag similar to those described by two eyewitnesses as those worn by the woman robber. In Bell's room a small .22 calibre starter pistol and a pellet gun were found secreted in a toy chest.

Appellant's motion to suppress in-court identification was grounded on the fact that approximately six hours after the robbery, while in police custody, she was placed in a room equipped with a one-way mirror. Appellant's counsel was not present. Marie VanKirk and Charles Harris, eyewitnesses to the robbery, were separately shown the appellant and asked if they could identify her as a participant in the robbery. Neither witness was able to identify the appellant at this "show-up." Mr. Harris and Mrs. VanKirk next saw the appellant at the preliminary hearing, nine days later, at which time they both positively identified her as the female participant in the robbery. At the suppression hearing and again at trial they unequivocally identified appellant as the female participant in the robbery. Appellant now contends that these in-court identifications were tainted by the unlawful show-up and, therefore, the lower court erred in failing to grant her motion to suppress this identification testimony.

Even though the show-up at the police station was illegal the witnesses may still be permitted to make an in-court identification, provided that such identification has a sufficient independent origin. *Commonwealth v. Tate,* 229 Pa. Superior Ct. 202 (1974) ; *Commonwealth v. Burton,* 452 Pa. 521 (1973) ; *Commonwealth v. Baker,* 220 Pa. Superior Ct. 86 (1971). In *Commonwealth v. Burton,* supra, it was held that a victim's in-court identification will still be admissible provided such identification has an independent origin, even though the accused was without counsel when the victim identified the accused both at the scene and at a show-up. In discerning whether or not there is a sufficient independent origin to permit an in-court identification several factors are taken into consideration, including the opportunity the witness had to observe the accused at the scene and the conditions under which the observation was made. *Commonwealth v. Tate,* supra; *Commonwealth v. Burton,* supra.

In the instant case, both Mrs. VanKirk and Mr. Harris testified they had ample opportunity to observe the appellant during the robbery. Marie VanKirk, the barmaid at Benny's Bar, testified that around 4:00 o'clock p.m., on October 17, 1972, the appellant entered the bar, sat approximately three feet from her, and ordered a beer. The bar itself was well-lighted. Marie VanKirk's attention was drawn to the appellant when the appellant spilled some of her beer and Mrs. Vankirk handed her a paper towel. Appellant left the tavern after about five minutes, but returned a few moments later during the robbery at which she emptied the contents of the cash register into her black shoulder bag and then walked out with her accomplices. Mrs. VanKirk testified she had a good look at appellant's face while all of this transpired and observed that appellant was wearing a red bush wig, a dark blouse, a red skirt, and had a facial twitch.

Charles Harris, a customer in Benny's Bar at the time of the robbery, also testified that his attention first focused on the appellant when she accidentally spilled her beer. He was situated approximately four feet from appellant. He observed her for a few minutes when she first came into the bar, and again during the robbery itself. In each instance he obtained a good look at her attire and her distinctive facial twitch, all of which he described at trial.

Although the barmaid and the customer were unable to identify the appellant at the police station show-up, they positively identified her at the preliminary hearing, at the suppression hearing, and at trial. Their explanation as to why they were unable to identify her at the show-up was that she was then wearing a blonde wig, and she would not look directly at them, making it difficult to obtain a good view of her face.

In light of the ample opportunity afforded the witnesses to clearly observe the appellant at the scene of the crime, coupled with their unwavering certainty as to

the correctness of their identification and their detailed description of the appellant, we hold that a sufficient foundation existed from which the lower court could conclude that the origin of the in-court identification was independent from the station house show-up.

Appellant's next allegation, that the fourteen-inch pellet gun was improperly admitted into evidence, is without merit. As previously noted, a search of appellant's and Anthony Bell's bedrooms resulted in the seizure of, inter alia, a six-inch .22 calibre starter pistol and an approximately fourteen-inch pellet pistol. Both guns were found hidden in a toy chest in Bell's room to which the appellant had ready access. Appellant contends that the evidence clearly established that the weapons used by the robbers were small black handguns, and a fourteen-inch pellet gun cannot be classified as a small handgun. Therefore, appellant argues, it was error to admit the pellet gun into evidence and thereby expose it to the jury because it could not possibly have been the weapon used in the commission of the robbery.

Positive testimony that the challenged item is the actual weapon used in the commission of the crime is not required prior to its introduction into evidence. *Commonwealth v. Ford,* 451 Pa. 81 (1973) ; *Commonwealth v. Mangus,* 229 Pa. Superior Ct. 29 (1974). "All that is demanded is that a proper foundation be laid revealing circumstances sufficient to justify an inference of the likelihood of the weapon's use in the course of the crime." *Commonwealth v. Mangus,* supra at 32-33. The fact that the weapons were not positively identified will, however, affect the weight to be given this evidence. *Commonwealth v. Ford,* supra; *Commonwealth v. Mangus,* supra. Furthermore, the admission of such demonstrative evidence is a matter within the discretion of the trial judge, and absent an abuse of discretion that decision will not be disturbed. *Commonwealth v. Ford,* supra; *Commonwealth v. Yount,* 455 Pa. 303 (1974).

Here, the Commonwealth established a proper foundation for the introduction of the handguns when it offered the testimony of two eyewitnesses that the bar was robbed by an unarmed woman and two men wielding handguns. Both witnesses identified the appellant as the woman involved and Johnny Wortham as one of the men. In addition, both witnesses, contrary to appellant's assertion that the evidence clearly established that the robbers used small black handguns, expressed uncertainty as to the actual size of the weapons. Moreover, the Commonwealth established that the challenged evidence was seized from a bedroom adjoining appellant's room, to which she and her husband had easy access. In view of these circumstances, we conclude the lower court did not abuse its discretion in admitting the handguns into evidence.

Appellant's third assignment of alleged error is that the trial judge incorrectly instructed the jury that appellant had the burden of proving her alibi defense[1] by a preponderance of the evidence. The charge in question reads, in pertinent part, as follows:

"The Commonwealth has the burden of proof in proving all of the essential elements of each of these crimes beyond a reasonable doubt.

"The defendant has the duty of proving the alibi to you by a fair preponderance of the evidence. That is, by the weight of the evidence, that is not beyond a reasonable doubt. The burden of proving guilt beyond a reasonable doubt does not shift from the Commonwealth. But, if the defendant wishes to present an alibi, he or she have to come forward with evidence which fairly preponderates to prove the alibi. They do not have to prove their alibi beyond a reasonable doubt.

1. Appellant offered as alibi evidence the testimony of her sister-in-law and herself. In essence, their testimony was that appellant was at home when the robbery occurred.

"By a preponderance of the evidence, it means they have to prove it so a scale would tip a little bit in the direction of believing an alibi as opposed to tipping the other way.

"You should consider the alibi testimony in connection with all of the testimony for such assistance as it may be to you in determining whether these defendants are guilty or innocent. It may be, even though you are not satisfied that the alibi has been shown by a fair preponderance of the evidence, there may be some item of evidence in the alibi proof, which alone or together with all other testimony in the case, raises a reasonable doubt which causes you to find the defendants not guilty."

The Commonwealth concedes, as it must, that a portion of the above charge is not in conformity with the holding of our Supreme Court in *Commonwealth v. Bonomo*, 396 Pa. 222 (1959). Since *Bonomo*, there is no longer any burden placed on a defendant who asserts alibi as a defense. Alibi evidence is simply a factor for the jury to consider in determining whether the Commonwealth has established every essential element of the crime charged. Thus, the lower court, in the instant case, clearly committed error when it charged the jury that the appellant "has the duty of proving the alibi to you by a fair preponderance of the evidence." The Commonwealth argues, however, that this error was cured when the lower court concluded its charge by instructing the jury that if there was any item of evidence in the alibi proof, which alone or together with all the other testimony, raised a reasonable doubt they should return a verdict of not guilty. In our judgment the lower court's initial error was not completely cured by this subsequent instruction. Nevertheless, we are of the opinion that, under the circumstances of this case, the lower court's error was harmless beyond a reasonable doubt. See *Chapman v. California*, 386 U.S. 18 (1967).

While we specifically disapprove of the alibi charge rendered in the instant case, we do not believe it was so malignant that it left the jury, presumptively comprised of reasonably intelligent citizens, with the impression that the Commonwealth no longer had the burden of proving appellant's presence at the scene of the crime beyond a reasonable doubt. Furthermore, we cannot ignore the fact that two eyewitnesses unequivocally identified the appellant and, even more importantly, that physical evidence was seized linking the appellant to the robbery. Indeed, the evidence of appellant's guilt was so clear and convincing that the jury could not reasonably have found her to be innocent of the crimes charged against her. In light of the overwhelming evidence pointing unerringly to appellant's guilt, we hold that the lower court's error was harmless beyond a reasonable doubt and does not warrant a new trial.

Finally, appellant contends that the court below erred in refusing to grant a demurrer to the bill charging her with burglary. Appellant has submitted two related arguments in support of this contention. Appellant first argues that the crime of burglary was not proved because the Commonwealth did not call the owner of the bar, Benny Leginski, to testify as to both his ownership, and that the appellant entered the bar without his permission. Secondly, appellant argues the Commonwealth failed to meet its burden of notifying the defense of its intention not to call Benny Leginski, whose name was listed on the indictment, as a witness. We find neither argument persuasive.

The statute under which appellant was tried on this charge is the Act of June 24, 1939, P.L. 872, Section 901, 18 P.S. §4901,[2] and provides in relevant part that: "Whoever, at any time, wilfully and maliciously enters any

---

2. Since repealed and replaced by the Act of December 6, 1972, P.L. 1482, No. 334, §1 et seq., 18 Pa.C.S. §3502.

building, with intent to commit any felony therein, is guilty of burglary. . . ." Quite obviously ownership of the bar was hardly a crucial issue. See *Commonwealth v. Spann,* 228 Pa. Superior Ct. 192 (1974), where we rejected a contention virtually identical to that of appellant's.

Appellant's related argument that the Commonwealth failed to establish that she entered the bar without permission is likewise totally specious. Under the burglary statute, 18 P.S. §4901, supra, the consent to enter a building which is held open to the public, such as a store, tavern or restaurant, is a qualified consent to enter for the proper purpose. *Commonwealth v. Schultz,* 168 Pa. Superior Ct. 435 (1951). Under said statute the Commonwealth is only required to establish that an accused wilfully and maliciously entered a building with the intent to commit a felony therein. The evidence produced was certainly sufficient to establish that appellant had abused that qualified consent.

With respect to appellant's contention that the Commonwealth failed to notify her of its intention not to call Mr. Leginski as a witness, we agree with the general principle that the Commonwealth has the obligation to notify the court and the defense that it will not call a certain person whose name appears on the indictment as a Commonwealth witness. See *Commonwealth v. Jones,* 455 Pa. 488 (1974), and cases cited therein. However we cannot agree with appellant's assumption that the failure of the Commonwealth to give such notice will, in every instance, constitute reversible error. The Supreme Court has stated that: "The purpose of the requirement that the prosecution notify defense counsel of its intention not to call witnesses listed on the bill of indictment is to provide defense counsel the opportunity to call such witnesses, if it so desires." *Commonwealth v. Jones,* supra at 494. In the instant case, appellant does not contend that she desires to call Mr. Leginski as a

witness.[3] We fail to discern how Benny Leginski's absence in any way acted to the prejudice of the appellant. The only apparent reason for his name appearing on the indictment was because he owned the bar. He was not a witness to the robbery. We thus conclude that, under the circumstances of this case, the Commonwealth's oversight was harmless error beyond a reasonable doubt. *Chapman v. California,* supra.

Judgment of sentence affirmed.

---

3. It should be noted that appellant did not request a continuance when she learned the Commonwealth would not call Mr. Leginski. Nor did appellant request the lower court to charge the jury that an adverse inference might be drawn against the Commonwealth for its failure to call Mr. Leginski as a witness.