**Commonwealth v. Canty**

*Roger G. Markley*, for Commonwealth.
*Robert White*, for defendants.

GARB, *J.*, January 17, 1977—Defendants were tried before the undersigned without a jury and convicted of the crimes of retail theft, receiving stolen property, and conspiracy to commit each of those crimes. They have filed motions in arrest of judgment and for a new trial which have been argued before the court en banc and are hereby dismissed. Essentially, defendants assert that the evidence was insufficient to support the verdict and that, therefore, their motion in arrest of judgment should be sustained.[1] As has so often been stated, the test of the sufficiency of the evidence, irrespective of whether it is direct or circumstantial, or both, is whether, accepting as true all of the evidence and all reasonable inferences therefrom, from which if believed the jury could properly base its verdict, it is sufficient in law to prove beyond a reasonable doubt that defendant is guilty of the crime or crimes of which he or she has been convicted: Com. v. Davis, 466 Pa. 102, 351 A. 2d 642 (1976); Com. v. Waters, 463 Pa. 465, 345 A. 2d 613 (1975); Com. v. Bundy, 458 Pa. 240, 328 A. 2d 517 (1974). The same standard, of course, applies to a trial without a jury: Com. v. Green, 464 Pa. 557, 347 A. 2d 682 (1975); Com. v. Hunter, 234 Pa. Superior Ct. 267, 338 A. 2d 623 (1975).

The evidence presented by the Commonwealth was restricted to two witnesses. Josie Howard testified that on the day in question, February 17, 1976, she was employed by the John Wanamaker

---

1. This in spite of the fact that they also request a new trial.

Company in its store in the Oxford Valley Mall in this county as a security officer. She testified that at approximately 6:00 p.m. she observed the two defendants enter the store together and proceed directly to the junior department which was to the right of the entrance doors on the same level. She was stationed inside a security booth located within the junior department and was approximately five feet away from the two defendants when, according to her testimony, she observed them remove coats from hangers in the department, roll them up and secrete them under their outer garments and into bloomers which each of them was wearing. She testified that the bloomers were secured by elastic at both the knee and the waist and that the material in between was of such volume that various items such as these coats could be secreted therein. She testified that after having observed defendants perform the foregoing, she radioed for assistance and when other security officers appeared in the department they arrested the two defendants still in the junior department. Defendants were so engaged for a period of approximately 15 minutes. She testified that the two defendants were taken to the security office on the next floor where she searched each of them separately and individually and in each case found secreted upon her person, four coats rolled up as she had previously described and hidden within the aforesaid bloomers. The eight items were priced at a total of $441.00. The search also revealed that each defendant had a wire cutter in her possession.[2]

2. Demurrers to charges of possessing instruments of crime in violation of the Act of December 6, 1972, P.L. 1482, sec. 1, C.P.S.A. §907, and conspiracy to commit same were sustained upon failure of the Commonwealth to show intent to use the wire cutters criminally.

The other Commonwealth witness was Walter Rhoades, a police officer for the Township of Middletown, who was summoned to the John Wanamaker store on February 17, 1976, after the two defendants had been apprehended by Mrs. Howard and the other security officers in the store. He took defendants into custody and transported them to headquarters. He subsequently identified an automobile allegedly belonging to defendant Canty and secured a search warrant for it and conducted a search therein. The fruits of that search are irrelevant to the case now before us.

The defense called Josie Howard briefly and presented no other evidence.

•  •  •

Defendants also contend that the evidence was insufficient to support the conviction of conspiracy. A conspiracy is an agreement between two or more people to do an unlawful act. Under the Crimes Code no person may be convicted of conspiracy unless an overt act in pursuance of such conspiracy is proven to have been done by him or a person with whom he conspired: The Act of December 6, 1972, P.L. 1482, sec. 1, 18 C.P.S.A. §903. See Com. v. Stephens, 231 Pa. Superior Ct. 481, 331 A. 2d 719 (1974). See also: Com. v. Minnich, 236 Pa. Superior Ct. 285, 344 A. 2d 525 (1975). The agreement can seldom be proved directly nor need it be. Proof may be by showing circumstances from which the agreement may be inferred: Com. v. Stephens, supra. Proof of the existence of a conspiracy may be established inferentially by proof of the relation, conduct or circumstances of the parties and the acts of the parties may demonstrate a concerted action pursuant to a common design to accomplish a common purpose: Com. v. Batley, 436 Pa. 377,

260 A. 2d 793 (1970). See also Com. v. Cooper, 240 Pa. Superior Ct. 477, 362 A. 2d 1041 (1976); Com. v. Mobley, 467 Pa. 460, 359 A. 2d 367 (1976); Com. v. Roux, 465 Pa. 482, 350 A. 2d 867 (1976). Evidence to sustain a charge of conspiracy must be such as reasonably and naturally justifies an inference of guilt of the accused and is of such volume and quality as to overcome the presumption of innocence and satisfy the finder of fact of defendant's guilt beyond a reasonable doubt. A conviction will not be allowed to stand if it is based solely upon suspicions and conjectures. However, while it is true that a conspiracy may inferentially be established by showing the relation, conduct or circumstances of the parties, such circumstantial evidence must meet the standard set out above: Com. v. Santana, 216 Pa. Superior Ct. 183, 264 A. 2d 724 (1970). See also Com. v. Holman, 237 Pa. Superior Ct. 291, 352 A. 2d 159 (1975) and Com. v. Goodyear, 235 Pa. Superior Ct. 544, 344 A. 2d 672 (1975). Obviously, therefore, a conspiracy may be proven by circumstantial evidence: Com. v. Eiland, 450 Pa. 566, 301 A. 2d 651 (1973).

It is abundantly clear from the foregoing recital of the facts in this case that a conspiracy was established beyond a reasonable doubt. The testimony of Josie Howard established that both defendants entered the store together, proceeded directly to the junior department where they remained, under her observation, for a period of approximately 15 minutes, during which time they engaged in the same conduct or activity, that of secreting various items of merchandise upon their persons under their outer garments. Furthermore, each was found to have in her possession virtually identical wire cut-

ters. We are satisfied that these facts amply establish that these two defendants were acting in concert for the purpose of committing the crime of retail theft and, under such circumstances, the evidence is sufficient to establish, circumstantially, that they committed the crime of conspiracy.

The question of conspiracy has some relevancy with regard to the grade or degree of crime of retail theft because of the fact that the evidence did not reveal the actual value of the goods upon either of defendants individually but only the value of the total number of items of merchandise found secreted on both of them. With regard to grading, the act provides that when the value of the merchandise shall be $100 or more the person who shall commit the offense of retail theft shall be guilty of a misdemeanor of the first degree, whereby, as relevant here, where the value is less than $100 the person convicted shall be guilty of only a summary offense. Regardless, however, of what the value of the goods may have been in the possession of either of these defendants, by virtue of their conviction of conspiracy, the crimes of either are imputed to both. See Com. v. Farquharson, 476 Pa. 50, 354 A. 2d 545 (1976); Com. v. Wilson, 449 Pa. 235, 296 A. 2d 719 (1972); Com. v. Mobley, supra; Com. v. Cox, 466 Pa. 582, 353 A. 2d 844 (1976); Com. v. Roux, 465 Pa. 482, 350 A. 2d 867 (1976); and Com. v. Eiland, supra.

The question is whether the finder of fact, the undersigned, believed the testimony of Mrs. Howard. The finder of fact, of course, can believe some, all or none of the testimony of a witness: Com. v. Parsons, 233 Pa. Superior Ct. 419, 335 A. 2d 800 (1975); Com. v. Smith, 457 Pa. 638, 326 A. 2d 60

(1974); Com. v. Mangus, 229 Pa. Superior Ct. 29, 323 A. 2d 398 (1974); Com. v. Williams, 450 Pa. 158, 299 A. 2d 643 (1973). It is apparent that the finder of fact in this case believed and credited the testimony of Mrs. Howard as to what she observed and, having accepted that testimony and therefore those facts of the occurrences in the John Wanamaker store on the date in question, it is *obvious* to us that the crimes of which defendants have been convicted were established beyond a reasonable doubt.

## ORDER

And now, January 17, 1977, it is hereby ordered, directed and decreed that defendants' post trial motions in arrest of judgment and for a new trial are denied, dismissed and overruled and defendants directed to appear for sentencing in court room no. 2 at 10 a.m. on February 18, 1977.