**Commonwealth v. Bressler**

*Richard E. Guida, assistant district attorney,* for the Commonwealth.

*Michael E. Duda,* for defendant.

DOWLING, *J.,* July 10, 1992--Sex, that most powerful of magnets, while the source of some of the world's great artistic and political achievements, has also produced titanic tragedies in personal and national affairs. Leander was so enamored of Hero, a priestess of Aphrodites in Sestos, that he nightly swam the Helspont to visit her, only to be drowned in a storm; King Edward VIII of England gave up his throne for the woman he loved; and Charles Parnell abandoned the cause of Irish home rule for the favors of Katie O'Shea.

Somewhat more appropriate to the simulated nature of the passion in our case, are the lines of "Troilus and Cressida":

"Ah, poor our sex! this fault in us I find,

"The error of our eye directs our mind:

"What error leads must err; O, then conclude

"Minds say'd by eyes are full of turpitude."[1]

To descend from these heights to the instant case is like switching from the Olympics to professional wrestling, but we must play what the cards dealt us, and so we have for discussion the case of Timothy Bressler who was convicted of burglary in taking a large quantity of X-rated videos from a rental store. He questions the sufficiency of the evidence, but it was as plain as the

---

1. Act V, Scene 2, 1n. 109.

charms of the unadorned "stars" portrayed in such ditties as "My Bare Lady," "Twin Peaks," and "Once More Into the Breach."

Bressler worked at a Pizza Hut in a little strip mall on Paxton Church Road, which mall also featured a video store. The alarm sounded at 3 a.m. one night. The proprietor and the police responded; and though there were no visible signs of forcible entry, they discovered upon a check of the inventory that in the back room reserved for "adult materials" a quantity of these Oscar-winning movies was missing. A more careful inspection disclosed one of the ceiling panels was slightly ajar; and when this area was examined, a hole was found in the roof. Upon going up on the roof, the police found near the hole a burlap bag filled with the missing video tapes. The scene was processed for fingerprints, and Officer Moore of the Susquehanna Township Police lifted three latent prints within 5 feet of the hole and 14 prints some 30 to 40 feet away. Several of these prints were identified as belonging to the defendant.

The standard of review for an insufficient evidence claim has been reiterated as frequently as the presumption of innocence doctrine. It is:

"Whether viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offenses charged was supported by evidence and inference sufficient in law to prove guilt beyond a reasonable doubt." *Commonwealth v. Jackson,* 506 Pa. 469, 474-73, 485 A.2d 1102, 1103 (1984).

Furthermore, circumstantial evidence alone is sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. McBride,* 528 Pa. 153, 595 A.2d 589 (1991).

The Commonwealth presented evidence that a number of tapes were missing from the racks, that they were found on the roof adjacent to a hole, and an expert identified fingerprints belonging to the defendant. This would appear to leave as little to the imagination as did Linda Lovelace in "Deep Throat."

*Commonwealth v. Hunter,* 234 Pa. Super. 267, 338 A.2d 623 (1975), is factually similar. There, the building was broken into by removal of a piece of sheet metal from a window which was 10 feet above the ground, and defendant's prints were found on the metal. The court noted that defendant's prints were found at the place of illegal entry and not in a public area where he might have made an innocent contact. Concluding, "[u]nder these circumstances, the Commonwealth's case is more than the fingerprint; it is a chain of circumstantial evidence that is more than suspicion or conjecture." Id. at 271.

This is in sharp contrast to the case cited by defendant, *Commonwealth v. Wagner,* 523 Pa. Super. 198, 566 A.2d 1194 (1989), where the prints were found on a pantry window pane which was easily accessible and the defendant could have been in the house for a number of legitimate reasons.

The cloak of innocence being snatched from off of Mr. Bressler by the jury, the defendant must "stand bare and naked"[2] to await the judgment of sentence.

Accordingly, we enter the following

---

2. "Richard II," Act 3, Scene 2.

## ORDER

And now, July 10, 1992, defendant's post-trial motions are denied, and the district attorney is directed to present him for sentencing.