359 A.2d 367

**COMMONWEALTH of Pennsylvania**

v.

**Johnny MOBLEY, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted Nov. 17, 1975.

Decided July 6, 1976.

Edward G. Rendell, Philadelphia, for appellant.

Marianne E. Cox, Asst. Dist. Atty., Mark Sendrow, Asst. Dist. Atty., Asst. Chief, Appeals Division, Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Division, Abraham J. Gafni, Deputy Dist. Atty. for Law, F. Emmett Fitzpatrick, Dist. Atty., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

JONES, Chief Justice.

The appellant, Johnny Mobley, was found guilty of murder in the third degree and criminal conspiracy by a judge sitting without a jury. These appeals followed.[1] Appellants sole contention is that the evidence presented by the Commonwealth was insufficient as a matter of law to establish his guilt of conspiracy to commit murder.

The evidence produced at trial consisted of appellant's statement to the police [2] and the testimony of Cleveland Johnson, an eyewitness to the crime. This evidence indicated that on May 27, 1974, appellant and fellow members of the "Valley" gang were walking on a street in Philadelphia when they encountered members of the rival "Norris Street" gang. Words were exchanged and appellant and his friends became incensed at remarks made by members of the "Norris Street" gang concerning the killing of a "Valley" gang member the year before. Several members of the "Valley" gang shouted "Valley" and began chasing the "Norris Street" gang.

In his statement to the police, appellant admitted that he engaged in a fight with Cleveland Johnson, a member of the "Norris Street" gang. When this individual affray ended, appellant turned and saw his brother, Anthony, and four other members of the "Valley" gang beating the decedent, Stephen Harris. Appellant noticed his brother with a knife and was with him when he discarded it into a sewer, but he denied witnessing the actual stabbing.

---

1.  Jurisdiction of No. 158—(murder) is based upon the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, Art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1975). The Superior Court certified No. 190—(conspiracy) to us by order dated December 30, 1974.

2.  The admissibility of this statement is not being contested.

Cleveland Johnson testified that appellant stabbed him with a knife and then joined the group assaulting Stephen Harris. He identified the appellant as the actual slayer. However, the Commonwealth volunteered that, based upon their information,[3] Johnson was mistaken on this latter point and that appellant's brother, Anthony, committed the actual stabbing. However, the Commonwealth did not discredit the other portions of Johnson's testimony which indicated that the appellant had participated in the homicide.[4]

Our scope of review in considering claims regarding the sufficiency of the evidence is well-known: " 'the test of sufficiency of evidence is whether accepting as true all the evidence, together with all reasonable inferences therefrom upon which the jury could properly have based its verdict, such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt.' " *Commonwealth v. Green*, 464 Pa. 557, 565, 347 A.2d 682, 686 (1975), quoting *Commonwealth v. Carbonetto*, 455 Pa. 93, 95, 314 A.2d 304, 305 (1974), and cases cited therein. Furthermore, we must view the evidence in the light most favorable to the Commonwealth as verdict winner. *Commonwealth v. Green, supra; Commonwealth v. Rife*, 454 Pa. 506, 509, 312 A.2d 406, 408 (1973); *Commonwealth v. Rankin*, 441 Pa. 401, 404, 272

3. The Commonwealth stated that this other evidence consisted of the statements of four other eyewitnesses to the crime which would not be admissible against the appellant. *See, e. g., Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

4. The Commonwealth correctly argued that the judge could choose to believe the other portions of Johnson's testimony. It is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. *Commonwealth v. Rose*, 463 Pa. 264, 268, 344 A.2d 824, 826 (1975); *Commonwealth v. Alston*, 461 Pa. 664, 665, 337 A.2d 597, 598 (1975). The factfinder "can believe all, part or none of the evidence presented." *Commonwealth v. Smith*, 457 Pa. 638, 641, 326 A.2d 60, 61 (1974), quoting *Commonwealth v. Williams*, 450 Pa. 158, 162, 299 A.2d 643, 645 (1973).

A.2d 886, 887 (1971). Viewed in this light, the evidence was sufficient to support the verdict.

The trial judge found that appellant not only attacked Cleveland Johnson with a knife but also joined the group assaulting the decedent. As such, the trial judge concluded that appellant was part of a conspiracy to commit murder which was formed the moment the "Valley" gang began chasing the "Norris Street" gang. It is well-established that a conspiracy may be proved by circumstantial evidence as well as by direct evidence. *Commonwealth v. Eiland*, 450 Pa. 566, 570, 301 A.2d 651, 652 (1973); *Commonwealth v. Batley*, 436 Pa. 377, 392, 260 A.2d 793, 801 (1970); *Commonwealth v. Yobbagy*, 410 Pa. 172, 177, 188 A.2d 750, 752 (1963). "Although more than a mere association must be shown, ' "[a] conspiracy may be inferentially established by showing the relation, conduct, or circumstances of the parties, and the overt acts on the part of co-conspirators have uniformly been held competent to prove that a corrupt confederation has in fact been formed: . . ." ' " *Commonwealth v. Eiland, supra; Commonwealth v. Neff*, 407 Pa. 1, 6, 179 A.2d 630, 632 (1962); *Commonwealth v. Horvath*, 187 Pa.Super. 206, 211, 144 A.2d 489, 492 (1958). Here appellant, armed with a knife, admitted voluntarily joining the other members of his gang in an attack upon their rivals, a venture which necessarily involved the risk of serious injury. This element of shared criminal intent provides the nexus which renders all members of a criminal conspiracy responsible for the acts of any of its members. *Commonwealth v. Cox*, 466 Pa. 582, ——, 353 A.2d 844, 846 (1976). *See Commonwealth v. Wilson*, 449 Pa. 235, 296 A.2d 719 (1972).

Moreover, it is not necessary for one to strike the fatal blow in order to be guilty of murder. In *Commonwealth v. Vaughn*, 459 Pa. 35, 37, 326 A.2d 393, 395 (1974), the Court was faced with a similar gang-related slaying. There, the appellant joined with others in an attempt to

find the rival gang member who had stabbed him. He and another gang member were seen swinging at the decedent, but the appellant denied stabbing the victim and insisted that his friend had done so. In sustaining his murder conviction, Mr. Justice Manderino stated:

> "When there is evidence that one, who has not struck the fatal blow, has, nonetheless, shared in the criminal intent and the criminal activity, that person has aided and abetted in the commission of the crime and, thus, may be held responsible as an accomplice to another's acts and the consequences of those acts. [Citations omitted]. 'The least degree of concert or collusion between parties to an illegal transaction makes the act of one the act of all.' *Commonwealth v. Strantz*, 328 Pa. 33, 40, 195 A. 75, 79 (1937)."

*Commonwealth v. Vaughn,* supra.

Therefore, since the appellant admitted joining in the gang fight, and the lower court found that he wielded a knife and joined in the attack upon the victim, we find no error in the conclusion that appellant was guilty of conspiracy and murder in the third degree.

Judgment of sentence affirmed.