54

364 A.2d 900

COMMONWEALTH of Pennsylvania

v.

James E. WILLIAMS, Appellant (two cases).

Supreme Court of Pennsylvania.

Submitted Nov. 17, 1975.

Decided Oct. 20, 1976.

Louis S. Cali, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ., concurring.

## OPINION OF THE COURT

PER CURIAM.

Judgments of sentence affirmed.

NIX, J., filed a dissenting opinion in which ROBERTS, J., joins.

MANDERINO, J., filed a dissenting opinion.

NIX, Justice (dissenting).

I dissent.

In my belief, the Commonwealth has failed to establish any common understanding either explicit or implicit, formed either before or during the affray that the parties would engage in an encounter which would involve the use of force dangerous to life. See *Commonwealth v. Wilson*, 449 Pa. 235, 296 A.2d 719 (1972).

As pointed out by Mr. Justice MANDERINO in his dissenting opinion, it is questionable whether the evidence establishes any intent on the part of this appellant to become embroiled in a physical altercation. However, accepting the most charitable view of the Commonwealth's evidence, at best the testimony would only support a criminal conspiracy to commit an assault and not a criminal conspiracy to commit a felonious homicide for which he was in fact charged.

There is clearly no basis upon which to conclude that there was any anticipation on the part of this appellant

that the intensity of any possible confrontation would reach a level which would pose a threat of serious bodily harm or death. Further there was no testimony to suggest that appellant had a weapon upon his person or was aware that any of his associates were armed. Since in my judgment appellant did not conspire to commit a felonious homicide he similarly should not have been convicted of voluntary manslaughter, there being no basis upon which to predicate vicarious liability.

ROBERTS, J., joins in this dissenting opinion.

MANDERINO, Justice (dissenting).

I dissent. As a definition of criminal conspiracy our *Crimes Code*, 18 Pa.C.S.A. § 903, provides:

"A person is guilty of conspiracy with another person or persons to commit a crime if with intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they . . . will engage in *conduct which constitutes such crime* . . .

(2) agrees to *aid* . . . *in* the *planning or commission* . . . or of an attempt or solicitation to commit *such crime*." (Emphasis added.)

We have held that the nexus which renders all members of a criminal conspiracy responsible for the acts of any of its members is the *unlawful agreement. Commonwealth v. Wilson*, 449 Pa. 235, 296 A.2d 719 (1972).

From the record it appears that the prosecutions entire case is based on the inference to be drawn from the statement made by Richard Lemon, "Let's go down there and see what's happening." It is not reasonable to assume that the defendant understood these words to imply that the group would avenge the injuries of Lemon's sister. It is more probable that the group intended to *protect* Lemon's sister from further injury.

I would hold that on the facts of this case the prosecution has failed to establish a common plan or understanding either explicit or implicit and accordingly would reverse the judgment.