453 A.2d 927

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Jon KENNEDY, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 26, 1982.

Decided Dec. 17, 1982.

---

Eric B. Henson, Deputy Dist. Atty., Steven J. Cooperstein, Asst. Dist. Atty., for appellant.

Stanley Shingles, Philadelphia, for appellee.

Before ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

392

FLAHERTY, Justice.

In a trial by jury in the Court of Common Pleas of the First Judicial District, the appellee, defendant Jon Kennedy, was convicted of voluntary manslaughter, burglary, conspiracy, and possession of an instrument of crime. On appeal to the Superior Court, a new trial was ordered as to voluntary manslaughter, and judgments of sentence were arrested with respect to burglary, conspiracy, and possession of an instrument of crime.[1] In the instant appeal, the Commonwealth seeks review of the Superior Court's decision only insofar as it relates to that Court's having arrested, on insufficiency of evidence grounds, the judgments of sentence on burglary and conspiracy.

▮ It is well established that the test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner and drawing all proper inferences favorable to the Commonwealth, the trier of fact could reasonably have determined all elements of the crime to have been established beyond a reasonable doubt. *Commonwealth v. Coccioletti,* 493 Pa. 103, 425 A.2d 387 (1981). The evidence, read in this manner, establishes the following.

On November 1, 1975, the defendant, Jon Kennedy, accompanied by one Robert Williams, drove Shirley Jones, a babysitter who had agreed to oversee defendant's two children that day, to an apartment building in the City of Philadelphia where defendant resided. Williams, Jones, and defendant entered the latter's second floor apartment, whereupon they discovered that the apartment's electrical power had been cut off. Defendant then went downstairs to the first floor apartment of his seventy year old landlord, Rinaldo Capellupo, and told him to restore the electrical power. Defendant returned upstairs, and, when electrical service resumed, dispatched Williams to inform Capellupo

1. *Commonwealth v. Kennedy,* 271 Pa.Super. 206, 412 A.2d 886 (1979).

that the apartment was no longer without electricity. Thirty minutes later, Williams had still not returned from this errand, and defendant went downstairs. Shortly thereafter, Jones, who had remained in defendant's second floor apartment, heard loud cursing and arguing emanating from the first floor. After calling out an inquiry as to what was happening below, Jones moved to the top of the staircase and noticed that the commotion arose from the first floor hallway, near the door to Capellupo's apartment, where Capellupo, Williams, and defendant were standing. Jones demanded that the confrontation be ceased, but the argument continued and Williams then struck Capellupo, whereupon Jones retreated into defendant's apartment. An affray ensued which continued into Capellupo's apartment. Defendant and Williams, both of whom had been drinking, viciously beat Capellupo, fracturing his skull, breastbone, eleven of his ribs, and bursting his right lung. Capellupo subsequently died of these injuries, but prior to doing so indicated to police only that he had been robbed by a tenant. In statements given to police, the defendant, claiming pre-existing animosity as the motive for his participation in the beating, admitted to breaking a cigarette stand over Capellupo's head, and to kicking Capellupo three or four times while inside the latter's apartment. Physical evidence discovered in the apartment corroborated that a fight had occurred therein.

With regard to sufficiency of the evidence to establish guilt of burglary, defendant contends that the Commonwealth failed to meet its burden of proving that he entered Capellupo's apartment with the intention of committing a crime. The crime of burglary must be accompanied by specific intent. *Commonwealth v. Graves,* 461 Pa. 118, 126, 334 A.2d 661, 665 (1975). The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 3502(a) (1973), defines the offense of burglary as follows: "A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein. . . ." Conjecturing

events that might have transpired at the scene of the assault that would allegedly be inconsistent with existence of the intent requisite to the burglary offense, defendant now proposes a variety of explanations for having entered the apartment, none of which are directly supported by any testimony in the record. In particular, defendant theorizes that, during the altercation, he might have fallen or have been pushed into the apartment, or that he might have entered in such heat of emotion as not to have noticed that he was entering and not to have had any objective, or at least not a criminal one, in mind.[2]

As stated in *Commonwealth v. Roscioli*, 454 Pa. 59, 62, 309 A.2d 396, 398 (1973),

To sustain a conviction, the facts and circumstances which the Commonwealth prove [sic] must be such that every essential element of the crime is established beyond a reasonable doubt. Although the Commonwealth does not have to establish guilt to a mathematical certainty, and may in the proper case rely wholly on circumstantial evidence, the conviction must be based on more than mere suspicion or conjecture.

(footnotes omitted). We find no merit, however, in defendant's contention that the verdict as to burglary was rendered a product of mere suspicion or conjecture by the Commonwealth's failure to introduce evidence *expressly* addressing the theories regarding entry which are now conjectured on appeal. Specific intent as to the crime of burglary may be inferred from the circumstances surrounding entry of the accused. See *Commonwealth v. Hardick*, 475 Pa. 475, 479, 380 A.2d 1235, 1237 (1977); *Commonwealth ex rel. Garrison v. Burke*, 378 Pa. 344, 348, 106 A.2d 587, 589 (1954), cert. den. 348 U.S. 879, 75 S.Ct. 120, 99 L.Ed. 692 (1954). Viewing the

---

2. Defendant, testifying at trial as to his own version of the affray, to wit that he was merely trying to break up a fight between Williams and Capellupo, did not indicate that he fell, or was pushed, into the latter's apartment; nor did he suggest that if he entered the apartment he did so without a motivating objective. It is, however, beyond cavil that it is the Commonwealth's burden to prove guilt, rather than the defendant's duty to establish innocence.

evidence, as we must, in the light most favorable to the Commonwealth as verdict winner, it is apparent that defendant became enmeshed in an argument with Capellupo, and that this argument culminated in an assault which terminated inside the latter's apartment. Inasmuch as defendant's participation in the assault continued through, or immediately followed, entry, and defendant's statement to police contained an admission that he committed the assault because of a pre-existing animosity for Capellupo, the jury had ample grounds for finding beyond reasonable doubt that defendant entered with intent to commit a crime.[3] The order of the Superior Court, insofar as it arrests judgment of sentence as to burglary, is, therefore, reversed.

With respect to sufficiency of the evidence to establish guilt of conspiracy, defendant asserts that no evidence was presented of an agreement between himself and Williams to perform the assault upon Capellupo. It is well established that a common understanding or agreement is the heart of every conspiracy. *Commonwealth v. Waters,* 463 Pa. 465, 471, 345 A.2d 613, 616 (1975). As stated, however, in *Commonwealth v. Strantz,* 328 Pa. 33, 43, 195 A. 75, 80 (1937), "An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities." A conspiracy may be proven inferentially by showing the relation, conduct, or circumstances of the parties, and the overt acts of alleged co-conspirators are competent as proof that a criminal confederation has in fact been formed. *Commonwealth v. Eiland,* 450 Pa. 566, 570, 301 A.2d 651, 652 (1973). See also *Commonwealth v. Mobley,* 467 Pa. 460, 463, 359 A.2d 367, 368 (1976). Nevertheless, more than *mere association* of participants in crime must be shown. *Commonwealth v. Eiland,* 450 Pa. at 570, 301 A.2d at 652; *Commonwealth v. Roux,* 465 Pa. 482, 488, 350 A.2d 867, 870 (1976).

---

**3.** We find no merit in defendant's assertion that the crime of assault was so legally complete in the hallway that entry with intent to continue the assault would not have constituted entry with intent to commit a crime.

Thus, persons do not commit the offense of conspiracy when they join into an affray spontaneously, rather than pursuant a common plan, agreement, or understanding. *Id.; Commonwealth v. Wilson,* 449 Pa. 235, 296 A.2d 719 (1972).

In the present case, the Commonwealth's evidence clearly established that a brawl occurred in which defendant and Williams were participants. This, however, does not in itself demonstrate the existence of a conspiracy. As the foregoing summary of the evidence in the light most favorable to the Commonwealth reveals, a *mere association* between defendant and Williams was shown, along with their simultaneous participation in the assault upon Capellupo. Nothing in the relation, conduct, or circumstances of the parties, however, is indicative of there having been an agreement, explicit or implicit, as to commission of the assault. The fact that the affray erupted from an argument, the manner in which the beating was inflicted, and the overt acts of the participants prior to and concurrent with commission of the assault fail to bespeak concert of action indicative of a common design. Indeed, the evidence reveals only that defendant and Williams became embroiled in an argument with Capellupo, and that this argument immediately escalated into a violent confrontation in which defendant and Williams inflicted beatings upon Capellupo. These events being perfectly consistent with the presumption that defendant and Williams acted independently and spontaneously, and there being no evidence upon which existence of the common understanding or agreement requisite to the charge of conspiracy might properly be inferred, the verdict of guilt as to conspiracy must be regarded as inadequately supported by the evidence. Thus, the order of the court below, insofar as judgment of sentence with regard to conspiracy was thereby arrested, is affirmed.

Order reversed in part, and affirmed in part.

O'BRIEN, C.J., did not participate in the consideration or disposition of this case.

McDERMOTT, Justice, dissenting.

I dissent from the majority's conclusion that the evidence was insufficient to support appellant's conviction for conspiracy. A person is guilty of conspiracy with another under Section 903 of the Crimes Code if, with the intent of promoting or facilitating the commission of a crime, he agrees with that other to engage in conduct constituting the crime, or if he "agrees to aid such other person or persons in the planning or commission of such crime. . . ." 18 Pa.C.S.A. § 903.[1] Appellant's version of the circumstances surrounding the death of the victim, which the majority adopts, was not accepted by the trier of fact. The jury found that appellant agreed to aid his partner in the assault upon the victim. Any further element of agreement which the majority would require to establish the offense of conspiracy is neither consistent with the statute nor mandated under our case law. No formal contract of conspiracy is required. *See Commonwealth v. Mobley,* 467 Pa. 460, 359 A.2d 367 (1976); *Commonwealth v. Roux,* 465 Pa. 482, 350 A.2d 867 (1976).[2] The Commonwealth produced ample evidence from which the trier of fact could conclude that the elements of conspir-

1. Section 903(a) of the Crimes Code, defining criminal conspiracy, provides:

    § 903. Criminal Conspiracy

    (a) Definition of conspiracy. A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

    (1) agrees with such other person or persons that they or one or more of them engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

    (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

    18 Pa.C.S.A. § 903(a).

2. In *Commonwealth v. Mobley,* 467 Pa. 460, 359 A.2d 367 (1976), this Court upheld a conspiracy conviction against a similar challenge to the sufficiency of the evidence. In that case, the accused and his companions encountered members of a rival gang, had an exchange of words, and proceeded to chase and fight their adversaries. Chief Justice Jones, speaking for a unanimous Court, concluded that evidence that the accused voluntarily joined his companions in their attack upon the rival gang was sufficient to support his conspiracy conviction.

398

acy had been established. The Superior Court erred in arresting the conspiracy judgment; this Court should reverse that order.

HUTCHINSON, J., joins in this dissenting opinion.