913 A.2d 862

**COMMONWEALTH of Pennsylvania, Petitioner,**

v.

**Rennie MOORE, Respondent.**

Supreme Court of Pennsylvania.

Dec. 8, 2006.

## ORDER

PER CURIAM.

**AND NOW,** this 8th day of December, 2006, the Petition for Allowance of Appeal is hereby GRANTED. It is further ordered that the Superior Court's Order is VACATED, and that this case is REMANDED to the Superior Court for reconsideration of Respondent's sufficiency of the evidence claim on an undiminished record in accordance with *Commonwealth v. Lovette,* 498 Pa. 665, 450 A.2d 975, 978 (1982), and if necessary, for disposition of any unresolved issues properly preserved and raised by Respondent on appeal.

The Superior Court is instructed that in reconsidering Respondent's sufficiency of the evidence claim, it apply the principles set forth in *Commonwealth v. Fletcher,* 580 Pa. 403, 861 A.2d 898, 907 (2004) (quotation omitted) (reiterating that " '[w]hen reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt.' "); *Commonwealth v. Harper,* 485 Pa. 572, 403 A.2d 536, 538 (1979) ("The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial

evidence."); and *Commonwealth v. Kennedy,* 499 Pa. 389, 453 A.2d 927, 930 (1982) (noting that "conspiracy may be proven inferentially by showing relation, conduct, or circumstances of parties, and overt acts of alleged co-conspirators are competent as proof that criminal confederation has in fact been formed.").