J-S54004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KAHSHIMA MORGAN, | |
| Appellant | No. 1869 EDA 2014 |

Appeal from the Judgment of Sentence June 4, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010436-2011

BEFORE:  BOWES, PANELLA, AND FITZGERALD, *JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 05, 2016**

Kashima Morgan appeals from the June 4, 2014 judgment of sentence of eleven and one-half to twenty-three months incarceration, followed by five years of reporting probation, imposed after she and co-defendant Curtisha Holmes were convicted of aggravated assault, burglary, conspiracy to commit aggravated assault and burglary, criminal trespass, and simple assault.  After careful review, we affirm.

The facts giving rise to Appellant's convictions are summarized from the transcript of the February 28, 2014 jury trial.  On June 20, 2011, Complainant Tasha Polk went to Atlantic City to celebrate her birthday with her friend, Cocoa.  N.T., 3/19/14, at 37.  She returned to her apartment building at 2202 North 20th Street the next morning at approximately 1:30

_____

* Former Justice specially assigned to the Superior Court.

a.m.  *Id*. at 38.   Upon arrival, she encountered her neighbor, Nicole Richardson, sitting with Appellant on the steps of the building adjacent to Ms. Polk's apartment.  *Id*. at 38-39.   Ms. Polk, Ms. Richardson, and Ms. Polk's friend "T" accompanied Ms. Polk to her apartment.  *Id*. at 39-40.  Ms. Polk and T began arguing about Ms. Polk going to Atlantic City in lieu of a party with T, as they originally planned.  *Id*. at 40.  As their voices rose, other individuals from the neighborhood entered Ms. Polk's apartment.  *Id*. at 41.  Appellant entered, together with Holmes and a woman known to Ms. Polk as Britney.  *Id*.

Ms. Polk asked the crowd to leave her apartment.  Britney replied, "F--- no," and began striking Ms. Polk in the face several times causing her to fall onto the couch.  *Id*. at 42-43.  Someone used a cell phone to videotape Holmes hitting Ms. Polk.  *Id*. at 43-44.  After the fight, everyone left the apartment except for Ms. Richardson and Ms. Polk.  *Id*. at 43.  Ms. Polk locked the door and then yelled out the window in anger.  *Id*. at 43, 50. Just minutes later, Appellant, Holmes, Britney, and fifteen to twenty other people returned to Ms. Polk's apartment.  *Id*. at 50-51.  Holmes kicked in the door and entered with Appellant, who was brandishing a broomstick-like object.  *Id*. at 51, 54.

Ms. Polk ran upstairs to her bedroom with the crowd in pursuit.  *Id*. at 55.  Appellant, Holmes, Britney, together with the girls that Ms. Polk recognized from across the street, repeatedly kicked Ms. Polk in the head as

- 2 -

Holmes threatened to kill her. *Id*. at 55-56, 65. Appellant struck her in the face repeatedly with the broomstick during this attack. *Id*. at 56. Ms. Polk eventually lost consciousness after approximately forty blows from the broomstick, hands, and feet. *Id*. at 57. When she regained consciousness, she discovered the contents of her purse were missing, including her debit card, social security card, cash, makeup, and identification. *Id*. at 63. Ms. Polk also observed damage to the walls in her living room. *Id*. at 64. Ms. Polk called the police but she stated that they did not respond. *Id*. at 58.

Philadelphia Police Officer Eyleen Archie testified that, on June 21, 2011, she received several radio calls about an assault at 2202 North 20th Street. N.T., 3/21/14 at 7, 14, 16. The first occurred at 1:41 a.m. and it was reported that a person had a knife. Officer Archie proceeded to that location, patrolled the area for several minutes, but did not see anyone in the vicinity. *Id*. at 17-18. The officer returned after receiving another call at 3:26 a.m., but still did not observe any altercation or see Ms. Polk. *Id*. at 18. She knocked on the door to Ms. Polk's apartment building but there was no answer. *Id*. at 19. Finally, Officer Archie responded to a third call at 5:10 a.m., but there was still no one in the area and no reply to her knocking. *Id*.

Ms. Polk stayed at Ms. Richardson's apartment located in the adjacent building until Ms. Polk's mother arrived and transported her to Temple University Hospital. N.T., 3/19/14, at 57-58. Ms. Polk informed the treating

physician that she had been beaten around the head. N.T., 3/21/14, at 23. She was diagnosed with a dental fracture, a subconjunctival hemorrhage, bruising to her face, a black eye, and sclera lesions. *Id*. at 23-24. Ms. Polk was prescribed 600 mg of Motrin every six hours. *Id*. at 24.

Detective Anthony Anderson interviewed Ms. Polk at Central Detectives on June 22, 2011. N.T., 3/19/14, at 178. Ms. Polk named Appellant, as well as Holmes, Britney, Tiffany, and a girl named Jessica, as people involved in the burglary and assault. *Id*. at 178-179. Ms. Polk accompanied Detective Anderson and pointed out where Appellant and Holmes lived. *Id*. at 179. Detective Anderson compiled a photographic array from which Ms. Polk positively identified Appellant and Holmes as having been involved in the assault. *Id*. at 180. Detective Anderson was unable to locate the other attackers because Ms. Polk did not know their last names or addresses. *Id*. A search warrant executed on both Appellant's and Holmes's residences did not yield Ms. Polk's belongings. *Id*. at 181.

The jury found Appellant guilty of all charges and the trial court sentenced her to eleven and one-half to twenty-three months of incarceration, followed by five years of reporting probation. Appellant timely appealed, and complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. She presents the following sufficiency challenges for this court's consideration:

>  1. Whether the evidence presented at trial was sufficient to convict Appellant of Aggravated Assault, Burglary, Conspiracy to Commit Aggravated Assault, Criminal Trespass, Simple Assault, and Conspiracy to Commit Burglary.

Appellant's brief at 4.[1]

In conducting a sufficiency of the evidence review, we examine all of the evidence admitted, even improperly admitted evidence. ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa.Super. 2013) (*en banc*). We consider the evidence in the light most favorable to the verdict winner, herein the Commonwealth, drawing all possible inferences from the evidence in favor of the Commonwealth. ***Id***. When evidence exists to allow the fact-finder to determine beyond a reasonable doubt each element of the crimes charged, the sufficiency claim will fail. ***Id***.

The evidence need not preclude the possibility of innocence entirely. The fact finder is free to believe, in whole or in part, whatever evidence it chooses. ***Id***. Additionally, the Commonwealth may prove its case by circumstantial evidence alone. It is only when "the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances," that the defendant is entitled to relief. ***Id***. This Court is not permitted "to re-weigh the evidence and substitute our judgment for that of the fact finder." ***Id***.

---

[1] Appellant abandoned any challenge to the sufficiency of her conviction for criminal trespass and simple assault by failing to advance or argue these claims in her brief to this Court.

Appellant first challenges her aggravated assault conviction. She argues that there was insufficient evidence that Ms. Polk sustained serious bodily injury or that Appellant specifically intended to cause such injury. Furthermore, according to Appellant, contradictory testimony made it doubtful that she, one person in the large group of attackers, actually caused Ms. Polk's injuries. In support of that position, Appellant directs our attention to **Commonwealth v. Dohner**, 441 A.2d 1263, 1270 (Pa.Super. 1982). In **Dohner**, a victim was attacked by a group of people. Absent evidence that Dohner himself actually attacked the victim or caused him any injury, the court held that the evidence was insufficient to convict Dohner of aggravated assault.

In that same vein, Appellant maintains that Ms. Polk did not sustain serious bodily injury, and furthermore, that it is unclear whether she caused any injuries to Ms. Polk's head and face. Although Appellant concedes that she need not actually cause serious bodily injury in order to be convicted of aggravated assault, she argues that she lacked the intent to support conviction of an attempt to cause serious bodily injury for purposes of that offense. In support of her position, Appellant cites **Commonwealth v. Alexander**, 383 A.2d 887, 889 (Pa.Super. 1978). In **Alexander**, the attacker struck his victim once in the face causing injury. The court held that one isolated punch that did not cause serious bodily injury, without more, was insufficient to constitute aggravated assault. The court

enumerated a number of factors that, if present, could demonstrate intent to cause serious bodily injury. These factors included (i) whether the attacker was disproportionately larger than the victim; (ii) whether the attacker was restrained from further escalating his attack; (iii) whether there was a weapon present; and (iv) whether statements made before or after the attack indicated intent to do further harm. *Id*. at 889. Appellant argues that the circumstances herein did not show intent to cause serious bodily harm because there was no evidence that she was disproportionately larger than the victim or that she made statements indicating intent to do further harm to Ms. Polk.

Preliminarily, Appellant's contention that a contradiction in testimony invalidates the sufficiency of other evidence is unavailing. "A mere conflict in testimony does not render the evidence insufficient." *Commonwealth v. Spotz*, 716 A.2d 580, 585 (Pa. 1988). As the Commonwealth correctly notes, Appellant's challenge is actually to the weight of the evidence, not to its sufficiency. Determining which witness's testimony is most credible is the duty of the fact finder, and this Court is not at liberty to re-weigh the evidence and substitute its judgment for that of the fact finder. *Id*.

Furthermore, Appellant's reliance on *Dohner* is misplaced. In *Dohner* as herein, the defendant was part of a large group that attacked the victim. However, in that case there was no evidence that Dohner attacked the

victim.  In the instant case, both the victim and Nicole Richardson testified that Appellant struck the victim with her fists and a broomstick.

We find the evidence sufficient to sustain a finding of an attempt to cause serious bodily injury.  A person is guilty of aggravated assault if she "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life."  18 Pa.C.S. § 2702(a)(1). Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."  18 Pa.C.S. § 2301.  For aggravated assault purposes, an "attempt" is found where an accused who possesses the required, specific intent acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another.  *Commonwealth v. Fortune*, 68 A.3d 980 (Pa.Super. 2013).  Such intent is ordinarily proven through circumstantial evidence and inferred from acts, conduct or attendant circumstances.

Appellant's reliance upon the *Alexander* factors is misplaced as their application demonstrates the requisite intent to sustain Appellant's aggravated assault conviction.  Appellant and her co-conspirators delivered approximately forty blows consisting of punches, kicks, and strikes with a broom handle to Ms. Polk.  Appellant targeted Ms. Polk's head and face with the broomstick.  *See Commonwealth v. Nichols*, 692 A.2d 181 (Pa.Super.

1996) (stating that a baseball bat, when swung at the head can become a deadly weapon). The assault only ended after Ms. Polk lost consciousness. Although the record did not show that Appellant was disproportionately larger than the victim, the fact that the victim was attacked by a group supplies the disproportionate force factor. *See Commonwealth v. Glover*, 449 A.2d 662, 665 (Pa.Super. 1982) (acknowledging that the jury could have inferred the requisite intent from the disproportionate strength of three men inflicting repeated blows). The jury could reasonably infer from the circumstances herein that Appellant attempted to cause serious bodily injury for purposes of 18 Pa.C.S. § 2702, and thus the evidence is sufficient to support the aggravated assault conviction.

Appellant next challenges the sufficiency of the evidence sustaining her burglary conviction. A person commits the offense of burglary if, with the intent to commit a crime therein, the person "enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present." 18 Pa.C.S. § 3502(a). Appellant argues that she cannot be convicted of burglary because there was insufficient evidence that she entered Ms. Polk's apartment with the intent to commit a crime.

We find this argument unavailing. Intent can be inferred from the circumstances surrounding the burglary. *Commonwealth v. Williamowski*, 633 A.2d 141, 144 (Pa.Super. 1993). After complying with

Ms. Polk's orders to leave her apartment, Appellant and her cohorts returned and broke down the door to re-gain entrance to the apartment. After their forcible entry, Appellant and her co-conspirators again repeatedly assaulted and threatened Ms. Polk. The evidence is more than sufficient to prove that Appellant entered the apartment with the intent to commit a crime.

Finally, Appellant claims that there was insufficient evidence of conspiracy. She argues that there was no proof of an agreement between the attackers or that she acted in concert with them, in contrast to the scenarios in *Commonwealth v. French*, 578 A.2d 1292 (Pa.Super. 1990) and *Commonwealth v. Poland*, 26 A.3d 518 (Pa.Super. 2011). In those cases, evidence that groups initiated attacks on individuals and then fled as a group was sufficient to sustain convictions for conspiracy to commit aggravated assault. Appellant characterizes herself as a "mere associate" of a large group of attackers and maintains that she was just along for the ride as in *Commonwealth v. Kennedy*, 453 A.2d 927, 930 (Pa.Super. 1982). In *Kennedy*, we overturned a conspiracy to commit burglary conviction arising out of a brawl that Kennedy joined spontaneously, rather than as part of a common design. We held that the Commonwealth failed to show agreement and established only "mere association" between the defendant and his alleged conspirator, rather than agreement. *Id*. at 936.

"A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission

he: (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime." 18 Pa.C.S. § 903. A criminal conspiracy conviction requires that a defendant (1) enter into an agreement to commit or aid in an unlawful act with another person or persons, (2) with shared criminal intent, and (3) an overt act was done in furtherance of the conspiracy. *Commonwealth v. Smith*, 69 A.3d 259,263 (Pa.Super. 2013).

> An agreement can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode. These factors may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail.

*Commonwealth v. Jones*, 874 A.2d 108, 122-23 (Pa.Super. 2005).

We find *Kennedy* to be factually inapposite to the instant case. Kennedy joined a fight that had already begun. There was no evidence of a common design or scheme between the parties and Kennedy had no knowledge of the fight before he witnessed it happening. The instant case is far different. Minutes after being expelled from the apartment, Appellant and her co-conspirator Holmes forcibly broke into Ms. Polk's home with a shared criminal purpose: to assault Ms. Polk. Holmes kicked down Ms. Polk's apartment door and Appellant entered armed with a weapon. Together they

- 11 -

chased Ms. Polk up the stairs and beat her. This concerted action is enough to infer an agreement between the two women and to sustain Appellant's conspiracy convictions for both burglary and aggravated assault. Thus, after a thorough review of the record, we find no merit in Appellant's contentions and no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/5/2016