J-S21008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARTIN HERNANDEZ | |
| Appellant | No. 1106 EDA 2018 |

Appeal from the Judgment of Sentence June 13, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-0000280-2012

BEFORE: STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 10, 2019**

Appellant, Martin Hernandez, appeals from his judgment of sentence for possession of a controlled substance with intent to deliver ("PWID"), criminal conspiracy and intentional possession of a controlled substance by an unregistered person.[1] Appellant raises challenges to the sufficiency and the weight of the evidence. We affirm.

The trial court summarized the evidence as follows:

On October 27, 2011, at approximately 8:15 p.m., Philadelphia Police Officer James Crown was on patrol in plain clothes near the 200 block of East Stella Street in Philadelphia, Pennsylvania. Officer Crown observed [Appellant] being approached by numerous pedestrians asking for "rock" or "dope," which is street slang for crack cocaine and heroin. After being approached, [Appellant] would direct the prospective buyers to Mr. Medina and Mr. Murphy. Officer Crown observed [Appellant] directing five

---

[1] 35 Pa.C.S.A. § 780-113(a)(30), 18 Pa.C.S.A. § 903, and 35 Pa.C.S.A. § 780-113(a)(16), respectively.

different pedestrians towards Mr. Medina, who would then engage the prospective clients, go to a lot on the north side of the street, remove something from underneath the rock, and exchange it for cash. One of the individuals directed towards Mr. Medina, Gloria Perez, was later stopped and found in possession of narcotics. After these exchanges, Officer Crown witnessed [Appellant] directing other individuals, who approached him for crack cocaine and heroin, towards Mr. Murphy. Once Mr. Murphy spoke to these individuals, he would go to the lot, pick up an object and do an exchange for cash. One of the individuals directed towards Mr. Murphy, George Scripnicenu, was later stopped and found in possession of a blue packet stamped with "first blood" containing an off-white power substance.

Around 8:30 p.m., Officer Crown observed Appellant, Mr. Medina, and Mr. Murphy standing near the alleyway on the south side of 200 Stella Street. [Appellant] then left the area and came back in a black Mercedes. At 8:40 p.m., two white males approaching [Appellant] asking for dope were told to wait ten minutes. At this time, Officer Crown called for backup and stopped Mr. Medina, Mr. Murphy, and [Appellant]. A total of $33.00 was confiscated from Mr. Medina, and $1,751.00 from [Appellant]. Narcotics that later tested positive for heroin and cocaine were discovered in the lot that Mr. Medina, Mr. Murphy, and [Appellant] were frequently visiting.

Trial Court Opinion, 7/10/18, at 1-2 (record citations omitted). The record further shows that Officer Crown observed Medina and Murphy hand cash to Appellant after the transactions with other individuals. N.T., 5/12/12, at 14.

Appellant was charged with PWID and related offenses. Following a bench trial, the court found Appellant guilty on all charges. On June 13, 2012, the court sentenced Appellant to two to four years' imprisonment for PWID and concurrent terms of four years' probation on the other counts. Appellant did not initially appeal, but on June 6, 2013, he filed a Post Conviction Relief Act petition seeking leave to file a direct appeal *nunc pro tunc*. On March 15,

2018, the court granted leave to appeal *nunc pro tunc*. On April 13, 2018, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises two issues in this appeal:

1. Is [Appellant] entitled to an Arrest of Judgment where, as here, the evidence is insufficient to sustain the verdict?

2. Is [Appellant] entitled to a new trial where, as here, the verdict is not supported by the greater weight of the evidence?

Appellant's Brief at 3.

In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Commonwealth v. Colon-Plaza*, 136 A.3d 521, 525–26 (Pa. Super. 2016). It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. *Commonwealth v. Tejada*, 107 A.3d 788, 792–93 (Pa. Super. 2015). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. *Commonwealth v. Crosley*, 180 A.3d 761, 767 (Pa. Super. 2018). As an appellate court, we may not re-weigh the evidence

and substitute our judgment for that of the fact-finder. *Commonwealth v. Rogal*, 120 A.3d 994, 1001 (Pa. Super. 2015).

Appellant claims the evidence was insufficient to prove criminal conspiracy because it did not establish he was acting with Medina and Murphy to sell narcotics. An individual is guilty of criminal conspiracy if he (1) agreed with another person or persons to commit or aid in an unlawful act, (2) while sharing a criminal intent, and (3) an overt act was committed in furtherance of the conspiracy. 18 Pa.C.S.A. § 903; *Commonwealth v. Chambers*, 188 A.3d 400, 410 (Pa. 2018). The Commonwealth does not have to show that an explicit or formal agreement exists in order to prove conspiracy. *Commonwealth v. Kennedy*, 453 A.2d 927, 930 (Pa. 1982). Instead, the existence of a criminal conspiracy may be inferred from evidence demonstrating the relation, conduct, or circumstances of the parties. *Id*. In addition, the necessary overt act can be committed by any of the co-conspirators. *Commonwealth v. McCall*, 911 A.2d 992, 996 (Pa. Super. 2006).

The evidence shows that Appellant coordinated with Medina and Murphy to possess and deliver controlled substances to various individuals. Officer Crown observed multiple individuals approach Appellant and ask for crack cocaine or heroin. Depending on their request, Appellant directed potential purchasers to Medina or Murphy. Medina and Murphy, in turn, spoke with each of these individuals, picked up certain objects from a nearby lot and

exchanged these objects with the individuals for cash. Two individuals who acquired items from Medina and Murphy were subsequently apprehended with narcotics, and police found additional heroin and cocaine in the lot frequented by Medina and Murphy. After observing a number of these transactions, Officer Crown saw Medina and Murphy hand cash to Appellant. At the time of Appellant's arrest, the police confiscated $1,751.00 in cash from him.

Viewed in the light most favorable to the Commonwealth, this evidence demonstrates that Appellant, Medina and Murphy agreed to work together to possess and sell controlled substances to various individuals. Although Appellant did not directly exchange narcotics for cash, he directed customers to Medina or Murphy and received at least some of the sales proceeds. Such evidence is sufficient to sustain a conviction for criminal conspiracy. *McCall*, 911 A.2d at 997. In *McCall*, officers observed the defendant looking up and down a street on which his cohorts were selling narcotics. After several transactions, the defendant received some cash from his cohorts. He ultimately was apprehended with $1,508 in cash. This Court declared the evidence was sufficient to sustain the defendant's convictions for criminal conspiracy and PWID, reasoning "[e]ven though [the defendant] did not physically handle the drugs transacted, he clearly took an active role in the illicit enterprise" by acting as a lookout and receiving proceeds from sales. *Id.*

As in *McCall*, Appellant took an active role in a drug-selling enterprise with Medina and Murphy by directing customers to the appropriate

- 5 -

salesperson and collecting sales proceeds. In addition, police observed appellant "looking up and down" the street while Murphy and Medina sold narcotics. N.T. 5/2/2012, at 15. Thus, the evidence is sufficient to sustain Appellant's conviction for conspiracy.

The evidence is also sufficient to sustain Appellant's conviction for PWID. An individual is guilty of possessing a controlled substance if he knowingly or intentionally possesses a controlled substance with intent to deliver. 35 Pa.C.S.A. §780-113(a)(30). Where, as here, the Commonwealth proves conspiracy, the evidence is also sufficient to establish PWID without the necessity for the Commonwealth to prove constructive possession of the controlled substances. *Commonwealth v. Perez*, 931 A.2d 703, 709 (Pa. Super. 2007) (because Commonwealth proved conspiracy between defendant and his companion to sell heroin, it did not have to prove defendant's constructive possession of drugs found in companion's home, since drugs in companion's home were fully attributable to defendant as result of conspiracy).

In his second argument, Appellant contends that the trial court abused its discretion by denying his motion for a new trial on the ground that the verdict was against the weight of the evidence. We disagree.

An appellate court's role in reviewing the weight of the evidence is limited; a new trial may only be granted where the verdict was "so contrary to the evidence as to shock one's sense of justice." *Commonwealth v.*

*Fletcher*, 861 A.2d 898, 908 (Pa. 2004). The trial court determines the disposition of challenges to the weight of the evidence, and an appellate court will not disturb the trial court's decision absent an abuse of discretion. *Commonwealth v. Benson*, 10 A.3d 1268, 1274 (Pa. Super. 2010). An "abuse of discretion" is more than simply an error in judgment and instead involves an overriding or misapplication of the law or judgment that is manifestly unreasonable or results from partiality, prejudice, bias, or ill-will, as demonstrated by evidence in the record. *Commonwealth v. Widmer*, 744 A.2d 745, 754 (Pa. 2001). As explained by the Pennsylvania Supreme Court, "[t]he weight of the evidence is exclusively for the finder of fact, which is free to believe all, part of none of the evidence and assess the credibility of the witnesses." *Commonwealth v. DeJesus*, 860 A.2d 102, 107 (Pa. 2004).

The trial court acted within its discretion by denying Appellant's challenge to the weight of the evidence. Officer Crown testified to observing Appellant direct various individuals asking for narcotics to Medina or Murphy He then saw Murphy and Medina speak with such customers, retrieve some items from the nearby lot, and exchange these items with the customers for cash. Police subsequently recovered narcotics from two of the customers and found additional contraband at the lot frequented by Murphy and Medina. Officer Crown also saw Murphy and Medina give cash to Appellant after completing a number of transactions. Appellant had $1,751.00 in cash on him at the time of his arrest. The trial court, acting as factfinder, was free to find

the testimony of Officer Crown credible and infer from his testimony that Appellant, Murphy and Medina were parties to a criminal conspiracy to sell narcotics on East Stella Street, and that Medina and Murphy possessed controlled substances intending to deliver them in furtherance of the conspiracy.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/19