J-S83007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :           PENNSYLVANIA
                                          :
           v.                            :
                                          :
ROBERT EUGENE MINOR, JR.      :
                                          :
           Appellant               :     No. 385 WDA 2018

Appeal from the Judgment of Sentence January 23, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0013630-2016

BEFORE:  PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:              **FILED JUNE 19, 2019**

Robert Eugene Minor, Jr. appeals from the judgment of sentence imposed following his jury conviction of conspiracy to commit aggravated assault and related offenses.  Appellant challenges the sufficiency of the evidence.  We affirm.

Appellant's conviction arose out of an incident in which he and others fired over a dozen shots at the vehicle of the victim, Sonya Thomas, while she was trying to park.  *See* Trial Court Opinion, 6/20/18, at 5. The incident occurred about 10:30 PM on July 30, 2016.[1]   Thomas was acquainted with Appellant and all but one of his co-conspirators, so she could identify them. *See id.* at 1-3, 5.

_____

[1] The record suggests indirectly that Thomas, or at least her car, may have been the victim of mistaken identity.

The jury convicted Appellant of conspiracy to commit aggravated assault (18 Pa.C.S.A. § 903), criminal mischief (18 Pa.C.S.A. § 3304(a)(5)), simple assault (18 Pa.C.S.A. § 2701(a)(1)), and recklessly endangering another person (18 Pa.C.S.A. § 2705).[2] The trial court imposed an aggregate sentence of not less than two and one-half years of incarceration nor more than five years of incarceration, followed by four years of probation. **See** Trial Court Opinion, 6/20/18, at 1-2.

Appellant timely appealed. In his court-ordered statement of errors, after one extension, Appellant presented the following issue:

A. The defendant alleges that the verdict as to Counts 3, 4, 6, and 7 was insufficient as a matter of law. Specifically, the defendant alleges the evidence presented, including the testimony of the complaining witness and officers, even in the light most favorable to the Commonwealth, was insufficient to establish the elements of the crimes of Criminal Conspiracy-Aggravated Assault, Criminal Mischief, Simple Assault, and Recklessly Endangering Another Person, even if believed by the fact finder.

Statement of Errors, 6/08/18, at unnumbered page 3.

On appeal, Appellant reduced the sufficiency issue to a single claim:

1. Whether the evidence presented by the Commonwealth was sufficient to support the conviction of Count 3 - Criminal Conspiracy – Aggravated Assault?

Appellant's Brief, at 3.

_____

[2] The jury acquitted Appellant of attempted homicide, aggravated assault, and possessing instruments of crime.

The trial court here found that Appellant set forth no more than a "generic, boilerplate challenge" to the sufficiency of the evidence. Trial Court Opinion, at 6. It decided that the lack of specific allegations to support Appellant's recitation of the multiple issues in his Rule 1925(b) Statement of Errors precluded meaningful review. The court concluded that Appellant had waived his insufficiency issue. ***See id.*** We agree.

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

***Commonwealth v. Allshouse***, 969 A.2d 1236, 1239 (Pa. Super. 2009). "A Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." ***Commonwealth v. Heggins***, 809 A.2d 908, 911 (Pa. Super. 2002) (citation omitted).

Pennsylvania Rule of Appellate Procedure 1925(b) provides, *inter alia,* that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). In ***Commonwealth v. Garland,*** 63 A.3d 339, 344 (Pa. Super. 2013), this Court found the appellant had waived his sufficiency of the evidence claim where his 1925(b) statement simply averred the evidence was legally insufficient to support the convictions.

It is well-settled that:

when challenging the sufficiency of the evidence on appeal, the Appellant's 1925 statement must "specify the element or elements upon which the evidence was insufficient" in order to preserve the issue for appeal.. Such specificity is of particular importance in cases where, as here, the Appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

*Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (citations omitted).

Here, Appellant failed to specify which elements he was challenging in his Rule 1925(b) statement. His sufficiency claim is waived. Moreover, even if properly raised and preserved, under our standard of review, Appellant's sufficiency challenge would not merit relief.

In his brief, Appellant narrows his claim to a challenge that the evidence cannot support a finding that "there was an agreement between [Appellant] and the co-defendants to commit the underlying act of [a]ggravated [a]ssault." Appellant's Brief, at 10. He "does not dispute the fact that [Thomas] was shot at while she was driving her vehicle." *Id*. Nor does he make any explicit argument against Thomas's identification of Appellant as one of the people shooting at her. He merely argues that there was no evidence of communication between Appellant and his co-defendants. *See id*., at 11.

> When examining a challenge to the sufficiency of the evidence, this Court employs a well-settled standard of review:
>
> > The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial [ ] in the light most favorable to the verdict winner,

there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

***Commonwealth v. Stiles***, 143 A.3d 968, 981 (Pa. Super. 2016) (citation omitted).

It is well established that a common understanding or agreement is the heart of every conspiracy. …An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. **A conspiracy may be proven inferentially by showing the relation, conduct, or circumstances of the parties, and the overt acts of alleged co-conspirators are competent as proof that a criminal confederation has in fact been formed.** Nevertheless, more than **mere association** of participants in crime must be shown. Thus, persons do not commit the offense of conspiracy when they join into an affray spontaneously, rather than pursuant a common plan, agreement, or understanding.

***Commonwealth v. Kennedy***, 453 A.2d 927, 929–930 (Pa. 1982) (first emphasis added; second emphasis in original; internal quotation marks and citations omitted).

- 5 -

As aptly noted by the Commonwealth, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the evidence was sufficient to show that Appellant and at least one cohort, Rahman Terry, acted in concert to fire over a dozen rounds at Thomas' car. **See** Commonwealth's Brief, at 10-11; N.T., Jury Trial, 11/1-8/17, at 126-127.

Contrary to Appellant's assertions, evidence showing that he and Terry targeted and shot at the same victim at the same time, before simultaneously fleeing the crime scene, was enough for the jury to conclude that they agreed to commit a crime. **See Commonwealth v. Russell**, 665 A.2d 1239, 1246 (Pa. Super. 1995) (evidence that, *inter alia*, appellant was among group that assembled outside of home, commenced shooting, and fled together sufficient to prove conspiracy beyond a reasonable doubt).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/19/2019